## No. 9913.

### JAMES A. RENSHAW vs. ADELINE C. DOWTY AND HUSBAND.

In a suit by a creditor for the nullity of a transfer by his debtor to the latter's wife, of property, as *a dation en paiement* of her paraphernal funds, on the ground that such transfer is simulated and fraudulent, proof on the part of the wife that there was actual consideration, although inadequate, is conclusive against the allegation of simulation.

The attack of the transfer as a fraudulent preference over the husband's creditors is the revocatory action of our code, and is barred by the prescription of one year.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman, J.*

*R. J. Bowman* and *Henry Renshaw* for Plaintiff and Appellant:

The evidence shows that the claim of the wife does not reach $2600, and the property conveyed is $3060 more than that amount. Contracts between husband and wife are nullities, non-existent, except to restore the amount due the wife.

Where more than half the price is simulated, the contract is simulated, as well as a nullity, because such a contract is prohibited.

In simulations subsequent creditors can attack. 15 Ann. 177. A simulated transfer will not support prescription. 11 Ann. 265; 10 Ann. 20; 8 Ann. 81, 458; 1 Ann. 132.

The prescription of one year pleaded begins only from date of judgment against the debtor, is inapplicable to sale in execution of wife's judgment. When no debt is due her, it is a mere nullity and transfers no title. 6 Ann. 87.

Presumption, in actions from fraud alone, begins only from date of creditor's judgment. C. C. 1889. One year had not elapsed from date of judgment.

The testimony of married women, in proof a paraphernal claim against husband in a sum exceeding $500, uncorroborated by circumstances, is insufficient to establish the claim. 37 Ann. 857.

Value of property in this case determines jurisdiction. 37 Ann. 186.

*James Andrews* for Defendant and Appellee:

1. The husband and wife can make a legal contract of sale, or *dation en paiement*—1st, whenever the transfer is for the purpose of paying the rights of one of the spouses judicially separated from the other; 2d, whenever the transfer from the husband to the wife has a legitimate cause, such as the replacing of her dotal or other effects by him alienated. This contract may take place whether the spouses be separated in property or not. Voorhies, C. C. 2446; Rev. C. C. 2421.

2. The wife may, during marriage, petition against the husband for a separation of property when the disorder of his affairs induces her to believe that his estate may not be sufficient to meet her rights and claims. Voorhies, C. C. 2425; Rev. C. C. 2399.

3. A *dation en paiement* made by the husband to the wife in settlement of her paraphernal rights, if in good faith, is valid, though her judgment of separation against him be null. 30 Ann. 746.

4. A suit to annul a *dation en paiement* made in execution of a wife's judgment as collusive, fraudulent and simulated, can be viewed in no other light than a revocatory action. 6 Ann. 87, 494; 11 L. 424; 14 Ann. 106; 30 Ann. 966; 34 Ann. 347.

5. The correctness of a judgment of separation, or the sufficiency of the evidence upon which it was rendered, cannot be inquired into by a creditor of the husband whose claim arose subsequent to its rendition. C. C. 3434; 6 Ann. 391; 4 R. 336; 24 Ann. 49; 22 Ann 49; 22 Ann. 619; 10 Ann. 564; 14 Ann. 49.

6. The husband's transfer to the wife in satisfaction of her paraphernal claims is not subject to the ordinary rules governing the revocatory action. By our settled jurisprudence neither his pecuniary embarrassment or actual insolvency, nor injury to the rights of creditors, present any obstacle to transfers in satisfaction of such claims, when shown to be real and genuine. 8 Ann. 485; 30 Ann. 745; 33 Ann. 536; 34 Ann. 992.

7. Actions to annul a wife's judgment and a transfer thereunder are prescribed in one year from the date of the transfer or *dation en paiement*. 6 Ann. 87; 11 L. 424; 34 Ann. 347; 30 Ann. 966; 14 Ann. 106.

8. He who alleges simulation must establish it, and to do so must disclose an intention to defraud and injury to himself. 18 L. 388; 2 R. 92; 12 Ann. 739; 13 Ann. 474; 30 Ann. 966; 22 Ann. 619.

9. The wife may introduce other proof when her judgment against her husband is attacked by the husband's creditors other than that upon which it is based, and show that his indebtedness is greater than the price stipulated in the *dation en paiement* made to her. 28 Ann. 546.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff's object is to annul and set aside a *dation en paiement* made by the defendant husband to his wife as fraudulent and simulated, and as injurious to him as a judgment creditor of the husband.

The defense is a general denial, an averment that plaintiff was not a creditor of the husband at the date of the transfer, and the prescription of one year.

Plaintiff appeals from an adverse judgment.

The transfer from the husband to his wife was preceded by a judgment of separation of property, condemning him in the sum of $5320.60 in favor of his wife; and the property transferred was appraised at $5663. While in his petition plaintiff charges absolute simulation in the proceedings which he attacks, on appeal he concedes that the moneyed claim of the wife amounted at least to the sum of $2583.37.

It follows, under his own admission, that there was a real and valid consideration to the extent of that sum for the transfer. Hence the transaction was not a simulation, and that feature of the action fails. Brown vs. Brown, 30 Ann. 966.

This leaves plaintiff in the attack with his allegation of fraud to the detriment of his rights as a creditor.

Conceding *arguendo* that he was a creditor at the date of the transaction, his action must be characterized as an attack on a real contract, alleged to have been made in fraud of creditors.

This is the revocatory action proper, which is barred by the prescription of one year from the date of the attacked transfer. C. C. 1987; Britto vs. Favre, 34 Ann. 347, and authorities therein cited; Powell vs. O'Neil, 24 Ann. 522.

The *dation en paiement* was made in December, 1883, and plaintiff's action was brought in January, 1886; it is therefore barred by the prescription of one year.

Judgment affirmed.