### No. 10,119.

## AMELIE LANDRY ET AL. VS. JOSEPH AND CHRISTOPHER LANDRY ET ALS.

In an action by forced heirs to annul a sale by their ancestor to one of their co-heirs of an immovable for a stipulated price for cash, parol evidence is admissible to show that the real consideration of the conveyance was the obligation undertaken by the heir to support the aged ancestor and his wife during their natural lives. Such an obligation is in law a sufficient consideration for the conveyance.

Such a contract is really a donation *inter vivos* with an onerous condition, and such a donation can never be reduced below the expenses incurred by the donee to perform the charges.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*C. P. Moore* and *Alex. Hébert* for Plaintiffs and Appellants:

Heirs may contest the simulated sale of the ancestor. C. C. 2444.

Heirs in case of simulation are third parties. Acts 1884, p. 12; 4 Ann. 500; 11 Ann. 227.

In simulation plaintiff need only show that the title is a mask, and he interested in removing it. 11 Ann. 168.

Burden of proof is on he who claims under the deed. 12 R. 95.

Every act is full of proof of itself. C. C. 2236, 2276; 7 N. S. 202; 8 M. 206; 23 Ann. 589.

Parties cannot question their own acts. 4 M 199; 4 R. 290; 5 R. 200; 2 Ann. 481; 3 Ann. 280; 11 R. 275.

Parol evidence not admissible against written instruments, except to show want of consent through fraud, error or violence. 11 R. 275.

Conditions of the act cannot be altered by parol. 2 La. 446.

Simulation, being a nullity, cannot be ratified. 4 R. 204; 8 Ann. 432; 15 Ann. 572; 39 Ann. 102.

Ratification cannot effect the rights of third parties. C. C. 2272; 11 Ann. 98.

Prescription cannot be founded upon a nullity. 4 R. 201; 8 Ann. 432; 15 Ann. 572; 39 Ann. 102.

Good faith necessary to support prescription. C. C. 3478, 3452; 31 Ann. 653.

Donor cannot divest himself of all his property. C. C. 1497; 11 R. 302.

Possessor in bad faith must pay rent. 33 Ann. 1174 and cases there cited.

*Samuel Matthews* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. The purpose of this suit is to annul a sale of an immovable made by Mathurin Landry, plaintiff's grandfather, to his sons, the defendants herein, in April, 1867.

The conveyance is assailed as a simulation, in which no price was paid, and the action is mainly predicated on the provisions of Article 2444 of the Civil Code, which reads as follows:

" The sales of immovable property made by parents to their children may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that

the price was below one-fourth of the real value of the immovable sold at the time of the sale."

The defense is substantially that the true consideration of the transfer was the obligation undertaken by the defendants to provide for the maintenance and support, during the balance of their lives, of their aged father and mother, who were then helpless and unable to support themselves, owning no property but the tract of land thus disposed of by them; and that in compliance with said obligation they had supported their father for four years, and their mother for thirteen years, to the date of the death of both, expending in the discharge of that obligation more than the amount of the price stipulated in the sale, which was the sum of three thousand five hundred dollars.

Hence they aver that if not good as a sale, said conveyance should be legally viewed and maintained as an onerous donation *inter vivos*, and that as such the donation cannot be reduced below the expenses which they had incurred in performing the charges imposed thereby.

That defense having prevailed in the district court, plaintiffs have appealed.

The first contention made on the trial grew out of plaintiffs' objection to parol testimony offered by defendants to show the alleged true consideration of the disputed conveyance, and turns upon the argument that parol evidence cannot be admitted against or beyond what is contained in the acts. C. C. 2276.

We find no error in the ruling which admitted the proffered testimony. It finds ample support in our jurisprudence and in Art. 1900, Civil Code, which provides that:

" If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration."

The construction which this article has uniformly received at the hands of this Court clearly authorized the admission of parol evidence to prove that by the stipulation of a price paid cash in the sum of $3500, the parties understood what was to them equivalent thereto, the obligation of the purchasers to support the vendor and his aged wife during their natural lives. Delabiguarde vs. Municipality, 3 Ann. 130; Brown vs. Brown, 30 Ann. 966.

In the recent case of Dickson vs. Ford, Clerk, 38 Ann. 737, we took occasion to make a thorough and extended review of our jurisprudence on this subject, by which we were confirmed in our opinion of the necessity and wisdom of such a rule, and in consequence of which we were induced to make the following reflections :

"The reason or the philosophy of the rule which, as an exception, flows logically from the very terms of the general rule, is that parol evidence, in such cases, is admitted, not against or beyond what is contained in the acts as a contradiction of the clear recital or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, or to ascertain the true intent of the parties when the same is not clearly expressed or described therein."

"As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error."

In that case parol testimony was admitted to show that the consideration of a mortgage purporting to be an indebtedness was really to secure the mortgagee on his signature to a bond furnished by the mortgagor.

The evidence offered by the defendants in the instant case shows that, at a fair estimate, the expenses incurred by them for the support and maintenance, for medical treatment in their last illness, and for the burial of their aged parents, exceeded by far the sum of $3500, stipulated as the purchase price of the property in dispute. Such obligations have been held to be a true and sufficient consideration in law for the conveyance of immovable property. 9 M. 85, Vick vs. Deshantel; 39 Ann. —, Moore et al. vs. Wartelle et als (not yet reported.)

For the purposes of the decree which we propose to render in the cause, it is perhaps immaterial to specially define the contract which is herein assailed. But as precision is always desirable in announcing judicial conclusions, we feel impelled to hold that under the evidence the true nature of the contract was an onerous donation *inter vivos*, and that the evidence is amply sufficient to shield it from plaintiff's attack, even if it had been assailed as a donation. Having been held to be an onerous donation it is protected under the evidence hereinabove stated, by Art. 1514 C. C., which reads:

"Donations, by which charges are imposed on the donee can never be reduced below the expenses which the donee has incurred to perform them."

But in answer to defendants' suggestion that their contract is good as a donation, plaintiffs take the position that, as their ancestor had thereby divested himself of all his property, without reserving enough

for his subsistence, the donation was null and void *ab initio* under the provisions of Article 1497 of the Civil Code.

But a complete answer to that contention is furnished by Article 1526 of the Code, which reads:

" In consequence, the rules peculiar to donations *inter vivos* do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services."

As already shown, the charges imposed on the donees in the case in hand exceeded the value of the object given ; hence the attack on this donation was to be characterized by the rules of law applicable to an action for the dissolution of an ordinary commentative and synallagmatic contract, and it should have been preceded by an offer at least to return to the donees the sums disbursed by them in favor of the donor and of his wife as one of the beneficiaries under the onerous donation.   The precise point was presented and discussed in the case of Pugh, executor, vs. Cantey, 33 Ann. 786.

In that case the Court ruled as follows:

" Therefore, as in a suit for the rescission of a contract, in which the plaintiff must put, or offer to put, the defendant in the same position in which he was before the contract, in the case of an onerous donation, the donor or his representative, who seeks the rescission of the donation, must offer to return what he has received from the donee, as a condition precedent of the suit."

Of course no such offer has been alleged or proven in this case, in which the contention is presented only on appeal.

As far as the record shows, it never occurred to plaintiffs to consider the conveyance as a donation until the suggestion was made by the defendants in their answer.   As replications are not allowed under our systems of pleadings, the alleged nullity of the donation must be considered as having been put at issue by the mere allegation of its existence in defendants' answer.   Hence the door was open to plaintiffs for proof of any offer which they might have made to defendants as a means of placing themselves legally into line for an attack on the onerous donation.

But this was not attempted, and hence the issue now tendered by plaintiffs is not in the case, and therefore it cannot be considered.

Our conclusion is that the judgment rendered by our learned brother of the district court has done full justice to the parties, and that it should not be disturbed.

Judgment affirmed.