BREAUX, C. J.
This is an action to annul and set aside a dation en paiement.
Plaintiffs obtained a judgment against their debtor, Lee Walker, in the sum of $223.32, with interest.
Plaintiffs charge the defendant Lee Walker with having connived with his wife to the end of collusively and fraudulently placing his property in her name under the guise of a dation en paiement and satisfaction of asserted paraphernal rights which she did not have, and which she never had. In other, words, that it was a void dation en paiement without consideration, and that “it was a fictitious act” of conveyance.
Plaintiffs take up each item of the asserted consideration set up in the deed of dation and specially allege as to each that it was not an amount due by the husband to the wife; that whatever amounts were received, if they were received, by the wife, were disposed of by her and never went into the possession of the husband, and that, in consequence, he was not liable.
The deed of conveyance that is the dation en paiement made by Lee Walker is dated December 17, 1904. By this deed he sought to transfer to his wife property valued, as per statement annexed to and forming part of the deed, at $3,073. His asserted indebtedness to her, and in satisfaction of which the dation en paiement was made, was $3,520. Different items constitute this amount of asserted indebtedness, to which we will in a moment refer in our discussioD.
The defendant Mrs. Walker answered *664 denying all tlie allegations in plaintiffs’ petition and alleged, in substance, that the amount due by her husband to her consisted of a sum of $2,000 which she collected for her own account from the New York Life Insurance Company on a policy of which she was the beneficiary; that, 'after she had collected the amount, it was expended in paying the debts of her husband.. Respondent further alleges in her answer' that the sum of $240 was the price of lands sold by her husband for which he was liable, and that an additional sum of $1,280 was the price of other tracts of land sold by her husband and for the price of which she claims he was accountable.
The foregoing are the asserted moneyed considerations of the dation en paiement in question.
In the dation en paiement which the husband made to the wife, as before mentioned, she declared that the two items, one of $240, proceeds of a sale by her husband to J. B. Milan, and the other, $1,280, proceeds of a sale by him also to the Pine Tree Lumber Company, sums before mentioned, are amounts which she had inherited.
In her answer she sets up that, instead of an inheritance, however, it was a donation by her father, and she prays to have it considered as donation, and not what the dation sets forth—an inheritance.
Her father, J. M. Wasson, sold the lands before referred to, to her husband; one tract in the year 1881 for the sum of $175 cash, as stated in the deed, and the other was sold to her husband in the year 1885 for $50 cash.
In her answer she avers that, instead of ■sales as stated in these acts, they were donations to her; that the lands were placed in the name of her husband as a matter of convenience.
The judge of the district court, in a carefully prepared opinion, among other things, said that the decision in Brown v. Brown, 80 La. Ann. 966, cited by defendant was not controlling. The facts were different. The rule therein laid down (quoting) “can have no application to the present case. Here .there is no attack upon the contracts of sale from Wasson; on the contrary, the plaintiffs are seeking to maintain these sales. But even if it is not true that the right given by article 1900 [Oiv. Code] is restricted to cases where the contract is attacked, its provisions could not by the most liberal construction be extended to the present case, in which the attempt is made to show by parol only a different cause for consideration from that expressed in the act existed; that is, that they were in reality donations instead of sales.”
The learned judge annulled the dation en paiement from the husband to the wife and ordered the sale of the property under the judgment which plaintiffs had obtained against the husband Lee Walker for an amount which he owes to them.
The defendant Mrs. Lee Walker appeals.
The attempted explanation of the donee, who was a party to the dation en paiement from her husband, does not explain why it was that in an authentic act she accepted as accurate the statement that she was receiving an inheritance when it was a donation inter vivos.
There is no great similarity between an inheritance of an estate and a donation inter vivos. Property which a person has received as an inheritance generally awakens different thoughts and impressions from those felt when a donation inter vivos is recalled.
Be that as it may, there is another notable incident which renders it impossible to sustain the dation en paiement.
The sales by the wife to her husband cannot be considered in the light of donations. There are several essentials wanting.
The donee must accept the deed. This she never did.
Delivery is one of the essentials. The prop *666 erty was never delivered to the asserted donee.
The deed of sale in question to the husband was not in notarial form. Now it is well settled that a dation must be passed 'before a notary and two witnesses. Oiv. Code, art. 1536.
But, above all, the defendant cannot be heard to successfully contradict the recitals of the deed in order that she may be able to prove that between her and a third person it was a donation. She did not in any way attack the deed made by her father, Was-son, to her husband, Lee Walker; she never made the least attempt to reform it.
At the trial the deed was offered in evidence by her together with oral testimony contradicting it in essential particulars. This cannot be done. Recorded acts have a legal effect. They cannot thus be neutralized at convenience by a person who seeks to withdraw the property from the ownership of the person in whom it appears of record.
True there are decisions (one of the number is cited above) in which it was held that testimony is admissible to show the real consideration of the act, but this rule has never been extended so as to enable the parties to prove, as against third persons, that the recitals of a deed of sale meant a donation.
Parol evidence may, in cases where the issues are clearly presented, be admissible to show cause or consideration of the contract, as in Dickson v. Ford, 38 La. Ann. 740. But it is never admissible against or beyond what is contained in the act, nor as to what may have been said before or at the time of making it. Oiv. Code, art. 2276.
With reference to sales and mortgages, less solemn as to form than donations, it has been held that an act of sale cannot be shown as regards third, persons to have been intended as a mortgage. Thibodaux v. Anderson, 34 La. Ann. 797.
For the same reason, how can it be shown as regards third persons when the act' of sale is a donation?
Parol can explain, but it cannot vary, a written instrument. Succession of Guillory, 29 La. Ann. 495.
Written evidence alone can be admitted to show that the consideration was different than stated in the act. Chaffe v. Ludeling, 34 La. Ann. 967.
There is nothing ambiguous about the sales in question made by the father-in-law, Wasson, to his son-in-law, Lee Walker.
There was no reason to admitparol evidence to explain that which did not require explanation. Robertson v. Lucas, 1 Mart. (N. S.) 189.
We, without hesitation, conclude that the testimony offered by the wife, defendant, to prove the asserted donation, was properly excluded. From that point of view, the only consideration there was, if that was sufficiently proven, was the amount first mentioned of $2,000. That would not be enough to sustain the dation en paiement. After deducting the asserted donations claimed by the wife the price is entirely inadequate.
The sale has no validity against third persons.
The indebtedness of the husband as alleged by the wife, if it exists at all, is reduced to a sum that cannnot be considered sufficient to sustain the sale.
The defendant wife has in her possession, if she be considered as having the property, an amount exceeding $1,500 which is not under any circumstances her property. It cannot from any point of view be considered hers.
For reasons stated the judgment is affirmed.