MARK LEVY & al

         vs                                    No. 7403.

DANNER NASSANS REALTY CO.

January 2d. 1919.

■■■■■■■■■■■■

■■■■■■■■■■■■

CHARLES F. CLAIBORNE, JUDGE.

This is a suit by a vendees against then vendor to re-cover the amount of a privileged claim hanging over the proper-ty and causing the vendees just reason to fear that they would be disquieted.

The petitioners alleged that they purchased from the defendant company a certain lot of ground on Robert Street; that the act of sale contained the following clause:

"The vendor binds and obligates itself to assume the costs of paving the street in front of the above described property, provided the City will bear the costs of sub-surface drainage"-; that Robert Street was paved in accordance with Act 23 of 1914 subsequent to the act of sale; that petitioners have re-ceived the paving bill amounting in the aggregate to the sum of $320; that the cost of said paving is secured by privilege upon the lot of petitioners; that the cost of paving proper amounts to $265, and the cost of sub-surface drainage amounts to $55; that the defendant has refused to pay the cost of said paving for $265; and they pray for judgment against it.

The defendant excepted on the ground that the petition disclosed no cause of action. The exception was referred to the merits.

The defense, as we understand it, is only that that the defendant Company agreed to pay for the paving only on condi-tion that the City would pay for the sub-surface drainage, and that the City having refused to do so, the Company is not liable for the cost of the paving.

There was judgment for the plaintiffs for the sum of $230.63, representing the total cost of the paving, and the defendant has appealed.

We have not been furnished with any briefs.

On the trial of the case below, an attempt was made by defendant to prove by oral testimony what was said at the time the negotiations for the sale of the property were going on, and to explain what the parties meant and understood by the clause in the act of sale concerning the payment of the pavement and the drainage. Plaintiffs objected to the hearing of this testimony upon the ground that it was an attempt to vary or contradict the act. The objection was maintained and the defendant reserved a bill. We think the ruling was correct. Parole testimony is admissible to explain an ambiguity in documents, but not to vary their plain meaning.
116 La., 666; 41 A., 31; 42 A., 37.

> "A party having made a declaration in a written act, parol evidence is inadmissible to explain it". 44A., 113.

> C. C. 2276 (2256) "Neither shall parol evidence be admitted against or beyond what is contained in the Acts, nor on what may have been said before, or at the time of making them, or since". 117 La., 878.

The clause reproduced above concerning the payment of the paving was clear and free from ambiguity. It appeared so to the District Judge and it does to us also. The defendant agreed to pay for the paving provided the City paid for the drainage. There is no attempt here to make the defendant pay for anything, but for the paving, strictly speaking. It is none of its concern who pays for the drainage as long as it does not.

Our first impression, upon the argument of the case, was that the petition disclosed no cause of action, because it did not allege that the plaintiff had either paid or discharged the paving claim. The Civil Code seems to demand the payment as a condition precedent. Article 3410 (3373) says:

> "The third possessor who has either discharged the mortgaged debt, or relinquished the property mortgaged, or suffered it to be sold under execution,

has, according to law, an action of warranty against the principal debtor". *O. n. 2178—*

Art. 2161 (2157) "Subrogation takes place of right: 1°; 2 : "For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged". *C. n. 1251*

It had been decided in that sense by a French Court of Appeal in 1829 - Sirey part 2d 1830 - 2 - 20 - Dufraigne vs Cortet, 20 Duranton p 477    286 - 4 Dalloz Codes Ann on Art 2178 p 1587 No.41- 37 Dalloz Rep. Leg. p 627 No. 1909 - J. P. 1828 - 1829 p 1304.

But in 1840 the letter of the law was applied in its spirit. The Court argued that while there was a difference between a just fear of eviction by an action of mortgage and the eviction itself, yet the obligation of the vendor was to insure to the vendee a quiet and peaceful possession, and the vendee had a right to file suit to compel his vendor to cause the fear of eviction to cease by paying the mortgage creditors. 43 Dalloz Rep. Leg. Vo. Vente p 226 No. 854 note 1. See also 3 Baudry - Lac p 893 No. 1482 - 31 Laurent p 293 No. 320.

In the case of Bonvillain vs Bodenheimer, 117 La., 793, our own Supreme Court decided that when a vendee discovers that his vendor had no title he "may sue to annul the sale and recover the price paid at any time, though he may not have been actually evict- ed or disturbed in his possession by the true owner". The princi- ple seems to be that the certainty of eventual eviction is equiva- lent to eviction itself. What is said of absence of title may be equally said of an outstanding mortgage or privilege claim of un- questioned validity. At any rate, when any such is asserted, a suit by the third possessor against his vendor will afford the lat- ter the opportunity of contesting the claim or paying it, or of making such other disposition of it as will remove it as an object of "just fear" for the owner. It is more in accordance with law and the obligations of the vendor that the burden of removing the fear should be borne by him than by the vendee.

The law and the evidence justified the judgment of the Dis- trict Court and it is therefore affirmed.
January 2d. 1919.