## MORRIS v. MORRIS.
### No. 1442.

Court of Appeal of Louisiana. First Circuit.
March 25, 1935.

Wm. H. McClendon, Sr., of Amite, for appellant.

Ellis & Ellis, of Amite, for appellee.

Le BLANC, Judge.

The plaintiff in this case appeals from a judgment in the lower court which sustained an exception of no cause of action and rejected his demand.

The suit has for its purpose the enforcement of certain alleged provisions of an act of sale between plaintiff and defendant, and, in the alternative, the setting aside of the contract of sale for nonpayment of the price. The object of the sale was a tract of land in the parish of St. Helena, alleged in plaintiff's petition to be well worth the sum of $1,200.

In his petition, plaintiff avers in effect that although there is a cash consideration of $203.60 expressed in the act, the fact is that there was no cash paid by the purchaser, although he did assume the payment of a mortgage note for that amount which has been paid by him. He avers that the real consideration which was included under the term "and other considerations" contained in the act of sale was the promise of the purchaser, A. J. Morris, defendant, to support and care for him for the rest of his natural life, "it being understood that the ownership, revenues and use of said parcel of land would compensate said A. J. Morris fully." He avers further that at the time of the execution of the act of sale, he was seventy-six years of age, and in bad health, and was unable to perform manual labor.

A certified copy of the act of sale is annexed to the petition and forms part thereof. It appears to be a document executed in au-

thentic form with the usual clauses that go to make a valid conveyance of real property for cash, with this significant addition, however: "It is hereby understood and agreed between this vendee and vendor that if A. J. Morris should die before W. D. Morris that W. D. Morris is to have control and revenues derived from said place as long as he should live after the death of A. J. Morris, and at W. D. Morris death the said place shall revert to A. J. Morris heirs and assigns." It is also to be noted that after expressing the consideration of $202.60, which is said to have been paid, "cash in hand, the receipt of which is hereby acknowledged," there is added the clause: "And other considerations."

These provisions embodied in the act itself indicate that the consideration involved something more than the $202.61 paid in cash, as therein expressed. Indeed, the clause with respect to the revenues to be derived from the property after the death of the purchaser, in the event he should die before the vendor, might very well convey the impression that the real consideration was that set out in the plaintiff's petition with respect to his maintenance and support during the rest of his natural life. Such consideration may also be included within the term of the other clause reading "and other considerations." It will not do, therefore, to say, as contended by counsel for defendant, in support of the exception, that plaintiff, having alleged that the mortgage note, the payment of which was assumed, has been paid, tender and deposit of the amount should be made before an action to annul the contract can be entertained. Such might have been a requirement had the demand been one limited to an annulment of the sale and had that been the sole consideration. But the annulment of the contract is only one of the demands in the present action and it is an alternative demand at that. The principal demand is one for compliance with the terms of the contract; to have the defendant pay the real and true consideration if the plaintiff can support the allegations concerning the same and which allegations are based on the clauses which we have quoted from the act of sale itself.

. That one will be permitted to show the real and true consideration for the transfer of an immovable, even though the act of sale expresses one that is different, is well settled in the jurisprudence of this state. In Landry v. Landry, 40 La. Ann. 229, 3 So. 728, 729, parol testimony was ruled admissible to show that by a cash consideration of $3,500 expressed in the act, the parties understood what was to them the equivalent thereto, namely, "the obligations of the purchaser to support the vendor and his aged wife during their natural lives." The court cites Delabigarre v. Municipality, 3 La. Ann. 230; Brown v. Brown, 30 La. Ann. 966. See, also, Morris et al. v. Monroe Sand & Gravel Co. et al., 166 La. 656, 659, 117 So. 763; Breeden v. Breeden (La. App.) 147 So. 757. Certainly the plaintiff in this case has shown a cause of action on this part of his demand and should be permitted to support it with proof if he can produce any to that effect.

Counsel for defendant contend also that plaintiff is without right to claim specific performance of the contract because courts, they say, will not enforce a contract where the acts to be performed have to be executed separately and continuously, "such as the payment of $5.00 per week by defendant to plaintiff, as prayed for in his petition." Granting counsel's statement to be correct, a question which we do not pass on under the issue as here presented, it cannot avail the defendant in so far as a large part of plaintiff's demand is concerned. Plaintiff's petition alleges that defendant owes him for support under the contract at the rate of $5 per week, since July 1, 1933. At this date that is a period of more than eighty weeks. So that at this time, if defendant owes plaintiff anything whatever, it amounts to more than $400 and certainly for that amount at least a judgment could be entered against him.

We are fully satisfied that the plaintiff has by his petition disclosed a cause of action against the defendant and therefore the district judge was in error in maintaining the exception of no cause of action.

For these reasons, it is therefore ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby reversed, annulled, and set aside and it is now ordered that this case be remanded to the lower court for further proceedings in accordance with law.