162 So. 822

## CITIZENS BANK & TRUST CO. v. WILLIS et al.

No. 33151.

June 19, 1935.

Rehearing Denied July 12, 1935.

Elder & Elder, of Ruston, for appellant.

Scarborough & Barham, of Ruston, for appellees.

FOURNET, Justice

The Citizens Bank & Trust Company instituted this suit to have declared null and void a certain act of sale, executed on June 25, 1932, by Mrs. W. F. Willis to her son, L. Hardy Willis, on the ground that the act was a simulation.

The defendants filed a joint answer, denying that the sale was a simulation and set up their good faith in the transaction. Subsequently, the defendants filed an amended and supplemental answer, averring that the true and actual consideration was $3,000, based on an agreement on the part of L. Hardy Willis to feed, clothe, shelter, and support his mother in her every need six months of each year as long as she might live, for which they agreed that the sum of $3,000 was a fair value.

The case was tried on the merits and judgment was rendered in favor of de-

fendants, dismissing plaintiff's suit, and the plaintiff has appealed.

The history of the case as disclosed by the record shows that Mr. W. F. Willis died intestate during the year 1930, leaving surviving him his widow, Mrs. W. F. Willis, one of the defendants, and four children; that all the property he died possessed of belonged to the community and consisted of: (a) House and lot in Ruston, worth approximately $6,000; (b) household furniture, worth approximately $1,400; (c) 200 acres of land in the parish of Jackson, worth approximately $2,000; and (d) two houses and three lots in Chatham, La., worth approximately $2,500; that at the time of the death of Mr. Willis, he owed no debts except certain notes in favor of the Citizens Bank & Trust Company, plaintiff herein, which he had signed as comaker or indorser with his son Harold Willis; that after Mr. Willis' death, these notes were renewed and signed by Mrs. Willis and her son Harold Willis; that on the 25th day of June, 1932, Mrs. Willis executed and recorded a deed, passed before Ross C. Neill, clerk of court and ex officio notary public, in the presence of two witnesses, whereby she conveyed for a cash consideration of $3,000 her undivided half interest in and to the lot and house in Ruston to her son, L. Hardy Willis; that at the time of the execution of the said deed, there were no judgments of record and Mrs. Willis still owned an undivided half interest in the other property above listed,

free of any encumbrances; and it was not until January 5, 1934, that the plaintiff reduced its notes to judgment—more than eighteen months after the execution and recordation of the deed in controversy.

The record shows further that Mrs. Willis had no income from which to maintain herself, making it necesary that she live with her children, and at the time she conveyed her interest in the property in Ruston to her son, she had been residing with him for some time prior thereto and continued to live there one-half of the time during each year, and that she spent practically all of the remainder of the time with her daughter in Shreveport.

The material allegations of plaintiff's petition, which form the basis of its action, are that the deed was executed for the sole purpose of placing the property beyond its reach as a creditor of Mrs. Willis; that the alleged consideration was never paid by transferee nor did he take possession of the property; that Mrs. Willis continued in possession of the property and collected all the revenues and rents therefrom; and that the deed is a simulation, pure and simple.

"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and es-

tablish the reality of the sale." Civ. Code, art. 2480.

■ When defendant sought to establish the fact that the real consideration of the deed was the agreement on the part of L. Hardy Willis to feed, clothe, shelter, and support his mother one-half the time during each year for the remainder of her life and that the said services were worth the sum of $3,000 cash, as recited in their supplemental and amended answer, counsel for plaintiff objected to the introduction of parol evidence, and assigned the following reasons therefor, to wit:

"First, parol evidence is inadmissible as against third persons to prove that an instrument in the form of a sale was, in fact, a donation;

"Second, parol evidence is inadmissible to vary, alter, contradict or enlarge the terms of a written instrument, particularly when there is no attempt to reform the instrument or any allegation of fraud or error set forth in the pleadings;

"Third, the instrument itself is the best evidence of the intention of the parties;

"Fourth, the defendants cannot be heard to alter, modify or change the said pretended deed of sale or any other part of the conveyance records to the prejudice of third persons and particularly to the prejudice of plaintiff's judicial mortgage;

"Fifth, the deed having acknowledged that the consideration was received, the matter set forth in the answer is inadmissible to show the consideration or any part thereof is yet to be received or transferred."

The trial judge overruled the objection and admitted the testimony under the authority of article 1900 of the Civil Code, which reads as follows:

"1900. If the cause expressed in the consideration should be one that does not exist, yet the contract can not be invalidated, if the party can show the existence of a true and sufficient consideration."

The cases of Loranger v. Citzens' Bank of Hammond, 162 La. 1054, 111 So. 418, Preslar & Tier v. Walker, 116 La. 661, 40 So. 1033, and Whittington et al. v. Heirs of Pegues, 165 La. 151, 115 So. 441, were cited by counsel for plaintiff in support of their theory. We do not think that the cases are applicable to the case at bar. In each of the cited cases, the contracts were invalid ab initio and this court held that parol testimony was not admissible to show a different or dissimilar contract was intended by the parties, to the prejudice of a third party who held a prior recorded judgment.

We do not have such a situation here. There is nothing in the contract which is prohibited by law or contrary to public policy. Mrs. Willis had a perfect right to sell her interest in the property and there is no inhibition against her son purchasing the interest. If they had writ-

ten in the contract that the consideration consisted of the purchaser's agreement to feed, clothe, shelter, and support his mother six months of each year during her life, the value of which was $3,000, as between them the contract would be valid and binding and would certainly not be a simulation. Now if such was the actual agreement at the time of the execution of the conveyance, but instead of reciting the whole agreement in the act, they simply wrote the amount they agreed upon as the value of the undertaking by L. Hardy Willis, we think that they had the right, under the provisions of article 1900 of the Civil Code, to show that fact and there is nothing in article 2276 prohibiting them from doing so. Landry et al. v. Landry et al., 40 La. Ann. 229, 3 So. 728.

It is our opinion that the evidence was admissible and the objection urged by counsel for defendants was properly overruled by the lower court.

We shall now consider the main question involved, i. e., Was the act in controversy a simulation?

A simulated contract was defined by this court, in the case of Hibernia Bank & Trust Co. v. Louisiana Ave. Realty Co., 143 La. 962, 969, 79 So. 554, 556, in the following words:

"A simulated contract is one which, though clothed in concrete form, has no existence in fact and is only a myth."

See, also, Chapman v. Irwin et al., 157 La. 920, 103 So. 263.

▮ It is the well-settled jurisprudence of this state that when the actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale, the transaction is not a simulated sale. Brown v. Brown, 30 La. Ann. 966; Renshaw v. Dowty, 39 La. Ann. 608, 609, 2 So. 58.

▮ In the case at bar the trial judge, who saw the parties and knows their standing and reputation in the community where they reside, after considering all the facts surrounding the confection of the act in question, was of the opinion that they acted in good faith and had sufficiently rebutted the presumption raised by the provisions of article 2480 of the Civil Code. We have carefully reviewed the record and do not think that he erred.

For the reasons assigned, the judgment of the lower court is affirmed.

PER CURIAM.

Our attention has been called to an error in our opinion relative to the holdings of this court in the cases of Loranger v. Citizens' Bank of Hammond, 162 La. 1054, 111 So. 418, Preslar & Tier v. Walker, 116 La. 661, 40 So. 1033, and Whittington et al. v. Heirs of Pegues, 165 La. 151, 115 So. 441.

What we should have said is that in the first cited case the contract was invalid ab initio and in each of said cited cases the court held that parol testimony was not admissible to show a different or dis-

similar contract in nature was intended by the parties to the prejudice of a third party. A careful review of these cases convinces us that they are not applicable here. In the case at bar there was no effort made to prove a different or dissimilar contract in nature; on the contrary, the evidence was intended to maintain the contract and to show the real consideration.