165 So. 193

**D'ANGELO v. NICOLOSI et al.**

No. 33516.

Jan. 6, 1936.

Rownd & Tucker, of Hammond, for appellants.

Joseph M. Blache, Jr., of Hammond, for appellee.

BRUNOT, Justice.

This is a suit to annul an alleged simulated sale. The defendants excepted to the petition on the ground that it did not disclose a right or cause of action. The exception was heard and overruled. Defendants then pleaded the prescriptions of five and ten years to the action. This plea was also heard and overruled. Defendants then answered the suit and joined issue on the plaintiff's allegation that the sale was a simulation pure and simple. The trial on the issue thus presented resulted in a judgment in favor of the plaintiff and against the defendants decreeing the sale "to be a simulation pure and simple, null, void and of no effect, and ordering the cancellation of the same from the conveyance records of the Parish of Tangipahoa."

The defendants have appealed from the judgment. The only issue the appeal presents is whether or not the sale was a simulation pure and simple or for a consideration actually paid. Inasmuch as the burden of proof is upon the plaintiff to establish, with reasonable certainty, the alleged simulation, and his failure to do so, we see no necessity for commenting upon the overruling of the defendants' exception and plea of prescription.

On the merits, the plaintiff rests his case solely upon circumstantial evidence and presumptions deduced therefrom. On the other hand, the defendants have offered direct proof of purchase and payment, and long possession of the property involved, with the acquiescence of both of their parents. It is admitted that the property formed a part of the community existing between

their father and mother and that the title thereto was acquired by the defendants from their father, who is the head of the community. It is true that both defendants testify that the purchase price was paid in cash at their father's store, but their further testimony shows that only a part of the price was paid in cash and the remainder was applied to the payment of a then existing outstanding mortgage on the property. The testimony is to the effect that the defendants lived on a farm in the country, but the property involved is located in the town of Hammond, and is devoted to the purposes of commerce; the vendor being one of the several tenants thereof. To better protect their interests, the defendants constituted their father their agent to lease and collect the rent due by the tenants, for their account, but reserved the right to make any and all needed repairs upon the buildings themselves.

It is the retention of possession of a part of the property by the defendants' father, their vendor, and his active management and control, to the extent stated supra, of the remainder of the property, that forms the basis of the plaintiff's contention that the sale to the defendants was a simulation pure and simple.

■■ We are convinced that the testimony as a whole refutes that contention and establishes with reasonable certainty that the sale was bona fide and for a valuable consideration. In all cases where actual consideration is paid by a purchaser, the sale is not a simulation. Harman v. Defatta et al., 182 La. 463, 162 So. 44; Citizens Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822.

For the reasons assigned, it is decreed that the judgment appealed from be, and it is hereby, reversed, and this suit is dismissed, at appellee's cost.