### RYALS et al. v. RYALS.
### No. 6174.

Court of Appeal of Louisiana. Second Circuit.

Nov. 1, 1940.

J. S. Pickett, of Many, for appellants.

R. A. Fraser, of Many, for appellee.

HAMITER, Judge.

In a notarial act of sale dated August 8, 1935, W. P. Ryals and his wife, Mrs. Eudorah Monk Ryals, declared that they conveyed unto L. J. Ryals, who is one of their children, a certain described 30-acre tract of land located in Sabine Parish, Louisiana, in consideration for the sum of $300, cash in hand paid.

Subsequent to that date, the grantors departed this life; and their other children instituted this suit against the said L. J. Ryals seeking a cancellation of the mentioned deed and praying to be put into possession of all of the property left by the decedents, including the above tract, in the proportion of an undivided one-ninth interest to each. Petitioners allege that the recited cash consideration was not paid and that the instrument was nothing more than a donation in disguise. Also they charge fraudulent inducement on the part of defendant in connection with the execution of the deed.

In his answer, defendant denies the fraud attributed to him and asserts the validity of the conveyance transaction. Specifically he avers that the true consideration for the transfer was the obligation undertaken by him to provide for the maintenance and support of his father and mother; that he has fully discharged the obligation; and that in complying therewith he expended a sum in excess of said $300.

The district judge regularly conducted a trial of the case on the issues formed by the pleadings, and, as is disclosed by a well considered written opinion, he held the assailed deed to be legal and valid. Accordingly there was judgment rejecting the demands of plaintiffs and dismissing the suit. These persons appealed.

The record discloses that when defendant sought to introduce testimony in proof of the alleged true consideration for the transaction, being the obligation to

maintain and support the parents, counsel for plaintiffs promptly and timely objected. The evidence was admitted and the objection overruled. In this court it is urged that such proof was inadmissible under the provisions of Civil Code, Article 2276, which read: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

The ruling of the district judge in the mentioned respect was, we think, correct. It is supported by the jurisprudence and codal law of this state.

An almost identical situation was presented in the case of Landry v. Landry, 40 La.Ann. 229, 3 So. 728. Therein a deed executed by a father in favor of his sons, reciting a cash consideration of $3,500, was assailed as a simulation. The defendant sons, in resisting the attack, sought to prove that the true consideration for the transfer was the assumed obligation of supporting and maintaining their aged father and mother. The proffered testimony was admitted by the trial judge over objections, grounded on Civil Code, Article 2276, supra, urged by plaintiffs. The Supreme Court, in its opinion, observed that an obligation of the described character, when discharged, is a true and sufficient consideration in law for the conveyance of immovable property, citing Vick v. Deshautel, 9 Mart., O.S., 85, and Moore et al. v. Wartelle et al., 39 La.Ann. 1067, 3 So. 384; and it specifically held that parol testimony in proof of the obligation is admissible. In support of this holding, it cited the cases of Delabigarre v. Second Municipality of New Orleans, 3 La.Ann. 230, 239, Brown v. Brown, 30 La.Ann. 966; and it recites the provisions of Civil Code, Article 1900, which are: "If the cause expressed in the consideration should be one that does not exist, yet the contract can not be invalidated, if the party can show the existence of a true and sufficient consideration."

Also, the following extract from Dickson v. Ford, Clerk, 38 La.Ann. 736, which inferentially distinguishes the rules provided by the above stated codal articles, was quoted by the Supreme Court in said opinion [40 La.Ann. 229, 3 So. 729]:

" 'The reason or the philosophy of the rule, which, as an exception, flows logically from the very terms of the general rule, is that parol evidence in such cases is admitted, not against or beyond what is contained in the acts, as a contradiction of the clear recital or legal meaning of the stipulations contained therein, but, on the contrary, to give effect to the contract arising therefrom [by supplementing necessary information omitted therefrom], or to ascertain the true intent of the parties when the same is not clearly expressed or described therein.'

"As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but, on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error."

There are many comparatively recent cases in the jurisprudence of Louisiana in which the doctrine enunciated in Landry v. Landry, supra, has been followed and reaffirmed. Some of these are Guaranty Bank & Trust Company v. Hunter et al., 173 La. 497, 137 So. 904; Collins v. Jones et al., La.App., 152 So. 802; Morris v. Morris, La.App., 160 So. 134, and Citizens' Bank & Trust Company v. Willis, 183 La. 127, 162 So. 822.

Counsel for plaintiffs earnestly argues that Loranger v. Citizens' National Bank of Hammond, 162 La. 1054, 111 So. 418, and Whittington et al. v. Heirs of Pegues, 165 La. 151, 115 So. 441, are authorities for sustaining the urged objection. In our opinion they are inapplicable. As stated in Citizens' Bank & Trust Company v. Willis, supra, the former involved a contract that was invalid ab initio, while in the latter the court held that parol testimony was inadmissible to show that a different or dissimilar contract in nature was intended by the parties to the prejudice of a third person.

The evidence in the record of the instant case, including that sought to be excluded but which was correctly admitted, conclusively shows that the father and mother of defendant were living in 1935 on the disputed 30-acre tract and occupying an old house located thereon, the value of which property was not in excess of $300. About the 1st of August of that year, being in need of assistance, they proposed to defendant that he live in such house and take care of them in consideration for the transfer of such property to him. This was agreed to, and defendant, together with

his family, immediately left his home, located some 200 yards distant on an adjoining 90-acre tract that he owned, and began living with and caring for his parents. His residence on the 30-acre tract has since been continuously maintained.

On August 8, 1935, the father and mother appeared at a notary public's office for the purpose of effecting the agreed conveyance to defendant, and expressed the desire that the necessary act show an obligation on the part of the transferee "to take care of them during their lifetime." As defendant was not present to furnish his signature, they were advised that an agreement of that kind might not be valid and binding; thereupon the father ordered the preparation and execution of a deed showing the $300 cash consideration.

The executed instrument remained in the official's office for several months until the notarial charges were paid by defendant. It was recorded March 20, 1936.

The parents, together with defendant and his family, lived on the 30-acre tract continuously until the death of the father, which occurred there on April 5, 1936. Thereafter, the mother made frequent visits with her other children. She died December 23, 1936, at Converse, Louisiana, while visiting in a daughter's home.

With reference to the issue of fraud and also the one relating to the fulfillment by defendant of his contracted obligation, the trial judge observed: "It is my opinion that this defendant entered into the contract with his parents in good faith, and he and his wife left their home and moved into the house with his parents and remained there and have remained there since on or before the execution of the deed in question. I feel that the sums which he has paid out, even though there should be question over a part of the Doctors bill, taken together with the services rendered by him to his parents, that he has paid the consideration of $300.00 named in the deed."·

■ The evidence surrounding such issues is quite conflicting. A detailed discussion of it is unnecessary. It is sufficient to state that our thorough study of the record leaves us with the conviction that the conclusions of fact announced by the trial judge are adequately supported. At least we can not say that they are manifestly erroneous.

The judgment, therefore, is affirmed.