GLADNEY, Judge.
Plaintiffs, eleven in number, alleging themselves to be forced heirs of the late Luther Howard, who died intestate in Caldwell Parish on November 18, 1929, instituted this suit April 9, 1954, against three other forced heirs and Carl Williams and Bourbon Calloway. The case is before this court on appeal by plaintiffs from a judgment sustaining an exception of no cause or right of action, a plea of estoppel and pleas of prescription of five and ten years.
The material allegations of the petition 'disclose: the relationship of plaintiffs and defendants (other than Williams and Callo-way) to the late Luther Howard; that said heirs were judicially placed in possession of the property of Luther Howard’s succession, including, as described therein, 374 acres of land situated in Caldwell Parish; that the succession proceedings failed to reflect a pre-existing mortgage on said land which was executed by Luther Howard in,,favor of the Prudential Insurance Company of America and also “omitted” money advanced to Oliver Howard by Luther Howard prior to his death; that Oliver Howard, now deceased, Edgar and Vollie Howard — the last two named defendants herein,- embezzled and fraudulently converted this money to their own use; that the Prudential Insurance Company of America in 1935 foreclosed on the above referred to tract of land, purchased said property at the judicial sale, and thereafter sold the property to Oliver Howard, Edgar and Vollie Howard, who had remained in possession of said property and who used embezzled money in purchasing the property; that the above referred to sales were simulated, and in fraud of the rights of plaintiffs, and should be declared null and void. The pertinent portion of plaintiffs’ prayer for relief is as follows:
“ * * * That after due proceedings had this Court order a full and complete accounting by Vollie Howard and Edgar Howard of movable and incorporal property of the estate of the late Luther Howard and of the revenues of the real property of the estate of the late Luther Howard.
“Petitioners further pray that the sales to Prudential Insurance Company of America, dated 31st day of July, 1935, and recorded in Conveyance Book 42, at Page 511 a-nd to Vollie Howard, Oliver Floward and Edgar Howard and recorded in Conveyance Book Y-43, at Page 376 et seq. be decreed to be simulated sales, null and void and of no effect and set aside, and that the property therein conveyed be decreed to belong' to the heirs of Luther Howard in their respective proportions.
“Petitioners further pray in the alternative, that the said sales be decreed to be fraudulent sales and set aside and the property be decreed to be owned by the heirs Of the late Luther Howard in their respective proportions.
“Petitioners further pray that the sales to Carl Williams and Bourbon Calloway be decreed to be fraudulent sales, or in the alternative, simulated sales; and that the following described property, to-wit: * * *
“ * * * Be decreed to be owned by the heirs of the late Luther Floward in the following proportions: * * *
“ * * * Petitioners further pray for all necessary and/or appropriate orders and decrees in the premises and for full equitable and general relief.”
The relief sought by plaintiffs may thus-be summarized: First, an action to require Vollie and Edgar Howard to account for money and incorporeal property obtained prior to the death of their father; and second, an action to have annulled as simulated contracts all conveyances affecting the said 374 acres of land with recognition, of plaintiffs’ proportionate ownership.
*249 The first enumerated ground of relief, if sustained, would indirectly result in collation of money or property received by defendant heirs during the lifetime of Luther Howard, and which concededly never became part of his succession. The instant action is not one for collation but ■seeks a direct money judgment for funds •allegedly concealed from the succession and constituting a portion of plaintiffs’ legitime. The asserted cause of action does not lie. The money plaintiffs lay title to could only bave become the property of the succession ■of Luther Howard by being returned to the mass of the succession by collation or otherwise. Since this was never done -the money and intangible property so claimed never became the property of the estate or ■succession.
Collation is the return to a succession ¡property which a descendant heir has received “in advance of his share or otherwise,” in order to secure a legal division of the total succession mass. LSA-C.C. art. 1227 ; 26 T.L.R. 203. See also article entitled “Collation in Louisiana”' by Maurice L. Burk. In Byrne v. Succession of Byrne, 1949, 215 La. 1050, 42 So.2d 699, the Supreme Court had before it a case where certain forced heirs had presented a claim of a similar nature to the one before us, and it sustained an exception of no cause or right of action. The court, speaking through Judge Ponder, at page 700 of 42 So.2d, said:
“It appears, from a reading of the petition, that the plaintiffs are attempting, indirectly, to obtain a collation of money alleged to have been advanced' by Mrs. Byrne to her daughter during her lifetime. The succession of Mrs. Byrne was closed more than twenty years ago.
“Collation is the supposed or real return to the mass of a succession money or property that an heir has received in advance of his share or ■otherwise in order that such may be divided with other effects of the succession. Article 1227, Revised’ Civil Code. Collation can be made only to the succession of the donor. Article 1242, Revised Civil Code. The rules governing the partition of property belonging to a succession are applicable to a partition between co-proprietors of property not belonging to a succession except that which relates to collation. Article 1290, Revised Civil Code; Doll v. Doll, 206 La. 550, 19 So.2d 249.
“Articles 940, 941 and 942, Revised Civil Code, are found in the section of the Code dealing with the opening of successions. The alleged donation in dispute was the property of Mary Byrne and not the property of the succession because it had not been brought back into the mass of the succession by collation or otherwise. The judgment placing the heirs in possession of the property did not place the heirs in possession of the property belonging to Mary Byrne.
“Article 1029, Revised Civil Code, could not govern under the facts in this case. This article of the Code is to the effect that heirs who have embezzled or concealed effects belonging to a succession lose their share in the embezzled or concealed property. The property donated to Mary Byrne by her mother during her lifetime was not the property of the succession of her mother and could only have been so had it been returned to the mass of the succession by collation or otherwise.”
It is our opinion, therefore, that the petition herein fails to state a cause or right of action and seeks to recover by direct action money or property that was never returned to the succession of Luther Howard.
The second principal issue pertains to the alleged sales of the realty as being simulated. The action in declaration of a simula-' tion rests upon the provisions of LSA-C.C. art. 2239, which provides:
“Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol *250 evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate (legitime).”
“A simulation is a feigned, pretended act — one which assumes the appearance without the reality. Since the act is entirely without effect, it is held not to have existed, and for that reason may be disregarded or attacked collaterally by any interested person.” “The Action in Declaration of A Simulation” by John Wood Anthony, 17 T.L.R. 457. A total want of consideration is essential to support such an action. So, where the contract sought to be annulled has some reality and there is some consideration, even though inadequate, the creditor may not resort to the action in declaration of a simulation. Brown v. Brown, 1878, 30 La.Ann. 966; Renshaw v. Dowty, 1887, 39 La.Ann. 608, 609, 2 So. 58; Payne & Joubert v. Buford, 1901, 106 La. 83, 30 So. 263; Citizens’ Bank & Trust Co. v. Willis, 1935, 183 La. 127, 162 So. 822; Freeman v. Woods, La.App.1941, 1 So.2d 134; Succession of Nelson, 1953, 224 La. 731, 70 So.2d 665.
No direct attack has been made herein upon the sale of the 374 acres through the proceedings by executory process instituted by the mortgagee. The suit was instituted over five years after the death of the mortgagor, Luther Howard, and we must assume the heirs of Luther Howard were therein properly cited. The foreclosure suit has not been made a part of the record in the instant case, but the petition herein does not attack the form of or legality of the procedure therein resorted to. Without doubt the sale to the Prudential Insurance Company of America and the subsequent sale to Oliver, Vollie and Edgar Howard were valid and real and not simulated transactions. Furthermore, we find that the foundation of the attack on the sale of the property to the three Howard brothers is the alleged embezzlement of and use by them of money claimed by plaintiffs. As we have so resolved, the plaintiffs cannot in this action claim.title or ownership to and in said money. Thus plaintiffs’ petition cannot be said to state a cause or right of action.
It is the ruling of this court that the exception of no cause or right of action was properly sustained by the court a quo. We find it unnecessary to pass upon the other pleas or defenses herein urged. The judgment from which appealed is affirmed at appellants’ costs.