HEARD, Judge.
This suit was instituted by the forced heirs, children and grand-children of Harry Frank Hughes, to declare a purported cash sale of real estate in Morehouse Parish to defendants Marvin Fitzhugh and Mrs. Beatrice Fitzhugh, son-in-law and daughter of Harry Frank Httghes, a nullity as a simulation or in the alternative a donation in disguise, and further in the alternative, if a donation, it was an absolute nullity under LSA-R.S.C.C. Art. 1497 in that it was a donation inter vivos which divested donor of all of his property. Defendants admitted the recited cash consideration had not been paid but stated they furnished previous and subsequent services and money to Mr. Hughes for his benefit and care, making the transaction an onerous and remunerative donation inter vivos, conveying title. The trial court rendered a well written opinion in favor of plaintiffs, declaring the purported sale a simulation and the property owned by the Succession of Harry Frank Hughes. This court affirms that judgment.
Harry Frank Hughes was the owner of a 5 acre tract of land near Bastrop upon which his home was built in 1960. From 1961 until his stroke in October 1968 he resided alone there with the exception of a disputed period of time when he stayed with the Fitzhughs. After a brief stay in the hospital Hughes was placed in a nursing home where he received adequate care. He was, according to evidence, an independent person and was dissatisfied there and wanted to go home. On one occasion during his stay in the nursing home, Mrs. Fitzhugh presented her father with a deed for transfer of his property to her. Her brother was present, and following some heated discussion Hughes refused to sign the act.
There is evidence that Mrs. Fitzhugh then spoke to some of the forced heirs about buying their interests in the property for $1,000 each and had a document prepared to that effect. Such a transaction never took place, but on July 10, 1969 a cash sale deed was recorded purporting to convey Hughes’ property to defendants for $10,000 cash, receipt acknowledged. This act was dated May 14, 1969, not long after defendants’ first abortive attempt. Defendants then made an addition to the house for Hughes and provided for his needs until his death on May 8, 1971. It is these services and prior services rendered by Mrs. Fitzhugh as a child to her father to support him which defendants claim is the real consideration given and was in excess of the value of the property.
LSA-C.C. Art. 1900 and its jurisprudence clearly authorizes the admission of parol evidence to show the real consideration in the equivalent to cash recited to have been paid. Landry v. Landry, 40 La. Ann. 229, 3 So. 728 (1888); Smith v. Richardson, La.App., 200 So.2d 897 (2d Cir. 1967). It has also been held that the obligation of purchasers to support the vendor during his natural life was the equivalent to the expressed consideration and suffi *327 cient to support the contract. Landry, supra; Smith, supra; Hinton v. May, La.App., 241 So.2d 583 (2d Cir. 1970).
In reviewing the record we find ourselves in agreement with the conclusion of the trial judge that the factual issues of land value and services were not necessary for resolution of the case. The trial court correctly held that the deed and evidence as to how and when confected did not support a conclusion that Hughes had a dis-positive intent to donate his property to the Fitzhughs or to swap it for past or future care and support. Defendants’ case was merely a showing that Mrs. Fitzhugh provided sufficient “other consideration” for the “sale” and neither positively testified that Hughes had such an intent. Mrs. Fitz-hugh engineered and promoted the transaction and benefited from it.
Cases cited by defendants where similar transactions were upheld as onerous or remunerative donations are inapplicable. Such intention on the part of grantors in these cases had been clearly stated or strongly implied in the instruments [Smith, supra; Hinton, supra] or clearly revealed by evidence of their words or actions. Bash v. Sims, La.App., 210 So.2d 180 (2d Cir. 1968); Landry, supra. There are no such manifestations on the part of Hughes, who, the record shows, signed the deed so he could go home, and who had earlier refused to sign a deed. This was not arm’s length bargaining and the “sale” was a simulation as defined under the Civil Law. Smith, supra, 200 So. 2d p. 899; Black’s Law Dictionary, 4th Edition, p. 1556; Succession of Bishop, 228 La. 994, 84 So.2d 613 (1955).
For the reasons stated, the judgment appealed from is affirmed, and it is therefore
Ordered, adjudged and decreed: That the purported cash deed from Harry Frank Hughes to Marvin Fitzhugh and Mrs. Beatrice Fitzhugh, dated May 14, 1969, recorded July 10, 1969 is declared to be a simulation, null and void, and the property described as:
All that part of the N ¡4 of SE ]4 of Section 1, Township 21 North, Range 5 East, lying East of the Public Road running through same, less 10 acres sold to Robert Vinson, as per deed recorded in Notarial Book 37, Page 557 of the Records of Morehouse Parish, Louisiana, and enough off of the North side of SW )4 of SW 14 of Section 6, Township 21 North, Range 6 East, when added to the land above described in N of SE J4 will total 50 acres; and being the same property purchased by P. P. Ferguson from H. H. Clark, deed dated March 28, 1925 and recorded in Notarial Book 52, Page 278 of the Records of More-house Parish, Louisiana; LESS AND EXCEPT:
1. Commencing at an iron pipe at the Southwest Corner of the NW )4 of SE }4 °f Section 1, Township 21 North, Range 5 East, and run East with the South line of said forty 640.5 feet to an iron pipe in the East right-of-way line of the Shelton Highway and the POINT OF BEGINNING, and from said Point of Beginning run North 18 degrees 20 minutes East with the East right-of-way line of the Shelton Highway 120 feet to an iron pipe, thence East parallel with the South line of said forty 183.5 feet to an iron pipe, thence South 113.9 feet to an iron pipe in the South line of said forty, and thence West with the South line of said forty 219.8 feet to the Point of Beginning, containing one-half of an acre, more or less, and lying and being situated in and a part of the NW 14 °f SE 14 of Section 1, Township 21 North, Range 5 East.
2. Commencing at an iron pipe at the Southwest corner of the NW J4 of *328 the SE 14 of Section 1, Township 21 North, Range 5 East, and run East with the South, line of said forty 860.3 feet to an iron pipe at the Southeast corner of the property sold by this Vendor to this Vendee in deed dated February 8, 1957 and recorded in Conveyance Book 184, Page 397 of the Records of More-house Parish, Louisiana and the POINT OF BEGINNING, and from said Point of Beginning run East along the South line of said forty 35 feet, thence North 113.9 feet, thence West parallel with the South line of said forty 35 feet to an iron pipe at the Northeast corner of the property heretofore sold by this Vendor to this Vendee in the deed hereinbefore referred to, and thence South along the East line thereof 113.9 feet to the Point of Beginning.
3.A certain tract or parcel of ground located in the North Half of the Southeast Quarter of Section 1, • Township 21 North, Range 5 East, Morehouse Parish, Louisiana, containing 13.8 acres, more or less, more particularly described as follows:
Commence at the Southwest corner of the Southeast Quarter of the Northwest Quarter of the Southwest Quarter of Section 1, Township 21 North, Range 5 East, thence run East a distance of 640.5 feet to the East right-of-way line of Public Road, thence run North 17 degrees 28 minutes East along the East right-of-way line of said Public Road a distance of 801.8 feet to the POINT OF BEGINNING; thence continue North 17 degrees 28 minutes East along East right-of-way line of said Public Road a distance of 78.4 feet; thence run East a distance of 1094 feet; thence run South 0 degrees 34 minutes East a distance of 764.8 feet to the Southeast corner of the Northeast Quarter of the Southeast Quarter of said Section 1; thence run West a distance of 775.9 feet to the East right-of-way line of Railroad. Track; thence run North 1 degree 47 minutes West along the East right-of-way line of said railroad a distance of 690.4 feet; thence run West a distance of 358.6 feet to the Point of Beginning.
4. A certain tract or parcel of ground located in the Northern part of the Southwest Quarter of the Southwest Quarter of Section 6, Township 21 .North, Range 6 East, Morehouse Parish, Louisiana, containing 28.6 acres, more or less, more particularly described as follows:
Beginning at the Northwest corner of the Southwest Quarter of the Southwest Quarter of Section 6, Township 21 North, Range 6 East; thence run East a distance of 1281 feet to the Northeast corner of said Southwest Quarter of Southwest Quarter of Section 6; thence run South 0 degrees 34 minutes East a distance of 972 feet, more or less; thence run West 1281 feet; thence run North 0 degrees 34 minutes West a distance of 972 feet, more or less, to the Point of Beginning.
5. A certain lot or parcel of land lying and being situated in the Southeast Quarter of Section 1, Township 21 North, Range 5 East, Morehouse Parish, Louisiana, and being more particularly described as follows:
Begin at the Southeast corner of said Section 1 and run thence North 0 degrees 34 minutes West along the East boundary of Section 1 for a distance of 2136.8 feet to a point; run thence West for a distance of 1094 feet to a point on the Easterly right of way line of Louisiana Highway No. 830-2; run thence in a Southwesterly direction along said highway right of way line for a distance of 78.4 feet to the Point of Beginning; continue thence Southwesterly along said right of way line for a distance of 158 *329 feet; run thence East for a distance of 330.3 feet, more or less, to the Westerly right of way line of the A. L. & M. Railroad; run thence North 1 degree 47 minutes West along said railroad right of way line for a distance of 151.7 feet; run thence West parallel with the South boundary line of herein described lot for a distance of 278.5 feet, more or less, to the Easterly right of way line of Louisiana Highway No. 830-2 hack to the Point of Beginning, containing one acre, more or less.
6. A certain lot or parcel of land lying and being situated in the SE 14 of Section 1, Township 21 North, Range 5 East, Morehouse Parish, Louisiana, being more particularly described as follows:
Commence at the Southeast corner of said Section 1 and run thence N 0° 34' W along the East boundary of Section 1 for a distance of 2136.8 feet to a point; thence run West for a distance of 1094 feet to a point on the Easterly right of way line of Louisiana Highway No. 830-2; thence run Southwesterly along said highway right of way line a distance of 237.2 feet to the Point of Beginning; thence run S 17° 13' W along the Easterly line of said highway a distance of 130.86 feet; thence East a distance of 372.92 feet to the Westerly right of way line of the A. L. & M. Railroad; thence N Io 47' W along the Westerly line of said railroad a distance of 125.05 feet; thence West parallel to the South line of herein described lot a distance of 330.3 feet to the Point of Beginning, containing one acre, more or less
is declared to be owned by the Succession of Harry Frank Hughes.
The rights are reserved of all parties to accounting and/or reimbursement in appropriate succession, partition or other subsequent proceedings. Appellants are assessed with costs.