## J. H. Pearson & Co. *v* Ricker & Pearson.

Property acquired during the marriage, although purchased in the name of the wife, belongs to the
community in the absence of proof that it was paid for out of the wife's paraphernal funds.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*W. S. Stansbury,* for plaintiffs.    *Michel & Koontz* and *Ogden & Leovy,* for
defendants and appellants.

Merrick, C. J.   The appellant states his case as follows :

" The plaintiffs having obtained judgment against defendants for thirty-two
thousand one hundred and fifty-two dollars and ninety-two cents, caused certain
squares of ground in the town of Rickerville, parish of Jefferson, to be seized and
advertised for sale.

" *Samuel Ricker,* one of the defendants, as tutor of his minor child, filed a peti-
tion of opposition to said seizure, in which he asserts that the property seized is
the property of his said minor child."

" The plaintiff, in answer to the petition of opposition, avers (in substance)
that the property seized is the property of his debtor, *Samuel Ricker, Sr.,* and of
no one else, and that his seizure is legal and proper."

" The case being tried before a jury, they found a verdict in favor of *J. H.
Pearson & Co.*"

" It is respectfully submitted : That the Judge of the District Court erred in
refusing to charge the jury that the plaintiff could not test the validity of the
minor's title to the property by an immediate seizure, but that he was bound to
resort to a revocatory action to cause the title to be vacated, so far as it oper-
ated to his injury.   He should, by suit and judgment, have first obtained a de-
cree subjecting said property to the execution of his judgment."

We shall confine ourselves to the consideration of the sole question presented
by appellant's brief.

The proof shows that the interest in property partitioned was acquired during
the existence of the marriage between the mother of the minor and *Samuel Ricker,*
his tutor, and although taken in the name of the wife, in the absence of proof
that it was paid for out of her paraphernal funds, belonged to the community.
C. C. 2371.   The subsequent partition of the property between the minor and
third parties did not have the effect to divest the community of its ownership of
the same.

The judgment debtor and the tutor being the same person, the *possession* fol-
lowed the title.

The case, therefore, does not present the question of the seizure of property in
the hands of a third person who has possessed as owner for more than a year, and
who is entitled to maintain his possession under the possessory action, nor the
case where the third person has, by a real though fraudulent sale, acquired title
from the debtor himself.

The question is one merely of ownership, and the opponent must recover, if
at all, on the strength of his title.   The revocatory action was not needed, for
there was no title emanating from the debtor to be annulled.   There was, there-
fore, no error in the charge of the District Judge.

PEARSON
*v.*
RICKER

The question as to what title the plaintiffs have acquired by their purchase after the dissolution of the community is not raised in this case; neither must the judgment of the lower court be construed as a bar to any right the minor may have in and to the said community, or any part thereof, inasmuch as his sole and separate title alone has been passed upon by the lower court.

The judgment of the lower court is, therefore, as so understood, affirmed, with costs.