## W. C. Gray v. Thomas, Griswold & Co.

Where an obligation sued upon is not negotiable, the assignee can acquire no greater rights than the assignor; and any legal defences which the latter can urge, can be urged against his assignee.

This Court will not look for objections out of the bill; and general expressions therein, such as "illegally taken," "the law has not been complied with," "it is not the best evidence," "is inadmissible," and the like, are insufficient. The party taking the bill must spread on the face of it everything necessary to enable the appellate Court to say that the Court below erred.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Whitaker, Fellows & Mills*, for plaintiff and appellants. *George S. Lacey*, for defendants.

Howell, J. This is an action by plaintiff, as assignor, to obtain from defendants a certain portion of real estate in this city, and in default thereof to recover the sum of $10,000, as the stipulated penalty.

The suit is based on the following act, under private signature:

"To all whom it may concern: This will serve to certify that, on the 25th day of March, 1862, we, the undersigned, Thomas Griswold & Co., of New Orleans, did sell, bargain and convey to E. A. Mejia, of the City of Mexico, a lot of ground on Third street, between Bacchus and Dryades streets, in the city of New Orleans, together with all the buildings and improvements thereon, known as the Confederate Rifle Factory, for the sum of ten thousand dollars.

And we do hereby bind ourselves, in the sum of ten thousand dollars, to furnish to E. A. Mejia, or to his assigns, a good and legal title to the above named property, at the earliest practicable opportunity.

In witness whereof I, Henry Thomas, Jr., of the firm of Thomas, Griswold & Co., do subscribe the name of my firm to this obligation, this 22d day of July, 1862.

(Signed)　　　　Thomas, Griswold & Co.

Witnesses to signature of Thomas, Griswold & Co., by H. Thomas, Jr.

(Signed　　　　John S. Clark,

W. D. McGinnis."

The defendants answered, admitting the signature of the firm, denying generally the other allegations, and specially the ownership and interest of the plaintiff, and averring that the instrument sued on is held by him subject to the equities and defences which may be urged against Mejia, his assignor. They further allege that the said Mejia had no actual interest in said instrument, but was an interposed party acting for another; that, if they were bound to furnish him a title to the property in question, the obligation sued on is, of itself, a sufficient title; and, if defective, it was well known to him, and is of such a character as to relieve them from all liability on account thereof.

Upon these pleadings the parties went to trial, and judgment was rendered in favor of defendants, from which plaintiff appealed.

Our attention is directed to two bills of exception taken by plaintiff.

The first is to the admission of parol evidence to prove the contents of two acts of sale of the property in controversy: one from the defendants to Mejia, and the other from the said Mejia to one Mansfield Lovell, or other officer, for the Confederate States, in April, 1862, after defendants had made affidavit of the existence of said instruments, under private signature, without being recorded, and of their being beyond the knowledge or control of plaintiffs. The grounds of objection were:

1. That such testimony could have effect only in a controversy between this plaintiff and the alleged Confederate States.

2. That the Confederate States were the only party interested in such evidence, and should have been called in to defend their rights.

3. That said acts, under private signature, being translative of property, can be proved only by interrogatories addressed to the parties making or receiving the transfers.

4. That the instrument sued on, being a bond for the deed of real estate in the hands of a bona fide transferree, cannot be impeached by the obligors, by proving that previous to its date the same property was sold by them to the obligee or a third party, in order to defeat plaintiff's action.

5. That they cannot do this by parol, but only, if at all, by interrogatories on facts and articles, and that it cannot be done to affect plaintiff, an innocent transferreé, without notice.

These objections were properly overruled.

The plaintiff acquired no greater rights than his assignor had, and any legal defences which the defendants could set up against the latter, can be urged against his assignor. The obligation sued on is not a negotiable instrument.

The evidence was offered to prove the contents of two acts under private signature, which, so far as the objections raised avail, it was competent for defendants to do, if a proper foundation was laid, which is not denied.

The second bill of exceptions was taken to the testimony of the witness, Thebault, offered to establish the consideration of the bond sued on, and the transactions between the defendant and Mejia, in regard to the transfer of this property, on the grounds that it is not admissible against an innocent assignee without notice, and "that so far as it *refers* to the bond sued on, parol testimony *is inadmissible.*"

The first objection as we have seen is untenable, and the second is so vaguely stated that we do not know the particular grounds on which it is based.

It has been repeatedly held that this Court will not look for objections

out of the bill, and that general expressions therein, such as "illegally taken," "the law has not been complied with," "it is not the best evidence," "is inadmissible," and the like, are insufficient. The party taking the bill must spread on the face of it everything necessary to enable the appellate Court to say that the Court below erred. See authorities cited in Hennen's Digest, p. 492, No. 1.

The plaintiff seems to rely mainly on the ground that the equities or defences, which defendants might set up against Mejia, the obligee cannot be urged against him, the assignor of Mejia, which is an erroneous theory, as the latter could not assign greater rights than he possessed.

With the evidence before us, it is manifest that the object of the defendants and Mejia, a Mexican citizen, was to shield the property in question from confiscation by the Government, and preserve it for the benefit and in aid of the late rebellion; an object which Courts of justice cannot for a moment countenance either directly or indirectly. The illegal character of such acts is not changed or mitigated by the assignment of the pretended rights of one of the contracting parties to a third person, however ignorant he may be of the real design of said parties. Nor can one be permitted to profit therefrom through the instrumentality of such third person.

The suit should have been dismissed.

It is therefore ordered that the judgment of the District Court be reversed; and it is now ordered, adjudged and decreed, that the petition of plaintiff be dismissed, at his costs, in the lower Court; the costs of appeal to be paid by defendants.