On The Merits.
 

 O VERTON, J.
 

 This appeal is from judgments rendered in two suits. Both suits were brought by Mrs. Amy Reine, as natural tutrix of her minor children, Amy Marie Reine and Gladys Anna Reine, issue of her marriage with the late George E. Reine, for the purpose of having her children recognized as entitled to an interest in certain property, standing of record in the name of Mrs. Ernestine Pizzetta Reine.
 

 George E. Reine, by his first marriage, wedded Amy Reed, the mother of the two minors, who, through her, are plaintiffs herein. After the birth of his two children, the only issue of that marriage, he was divorced, and later married Ernestine Pizzetta, of which marriage three children were bom. The second marriage was celebrated on January 4, 1912. George E. Reine died intestate on May 24, 1923.
 

 The first suit is brought against Ernestine P. Reine alone, the clerk of court, however, being a nominal party. Its object is to recover for each one of the children of the first marriage an undivided one-fifth interest in their father’s one-half undivided interest in 'the following described real property acquired by Ernestine P. Reine by deed from Emile Puissegur, dated February 7, 1922, and recorded March 16, 1922, in C. O. B. 81, folio 609, the property being situated in the town of Mandeville, parish of St. Tammany, to wit:
 

 Lots 9 and 10 of square three, each lot measuring 60 feet front on Lamaxque street by lk> feet in depth, and also a portion of ground in. square No. 4, together with the rights and
 
 *844
 
 appurtenances thereto belonging, described as beginning, at the corner of. Claiborne and E'oy streets, and along Eoy street, to the Wolf line, 196 feet, thence along the Wolf-Hickey line, 224 feet, thence along the Allen line, 64 feet, thence along the Reine -line to Claiborne street, 132 feet, and thence along Claiborne street, 105 feet, to the point of beginning.
 

 The first suit was also instituted to recover a similar, interest in property, standing of record in. the name of Ernestine P. Reine, acquired by .her by deed from Miss E. C. Lancaster, dated December 31, 1919, and recorded January 7, 1920, in C. O. B. 76, folio 450, the property being described as follows, to wit:
 

 Lot' 4 in square 73, measuring 62% feet front on Jackson avenue, by 500 feet on Jefferson street, forming the corner of Jackson and Jefferson streets, in Mandeville, state of Louisiana.
 

 ■ The theory upon which it is proposed to recover thé foregoing interests is that the property, of which these interests form part, which is that described aboVe, was acquired in the name of Ernestine P. Reine, during the existence of the community between her and George E. Reine, with community funds, and ■therefore was community property, one-half of- which, at George E. Reine’s death, passed to his five children as his forced heirs, in which the children of th>e first-marriage, two in number, are each entitled to a one-fifth interest.
 

 ■ [5] The deeds recite that the property in which the interests are claimed was acquired with the separate funds' of the wife. There is no contention, however, that the children of the first marriage 'are estopped by this declaration in the deeds from contending, as forced heirs of - their father, that the property was community property. If such a contention vpere .made there is no ground, to support it. Assuming that the facts exist here, showing that the husband acquiesced in the declaration, and that he himself would be estopped to show that the property was community property, nevertheless the children of the first marriage, being among the forced heirs of the husband, would not be bound by the estoppel, for forced heirs are not bound by such an estoppel, at least when it operates to the prejudice of their légitime. Brown v. Stroud, Executor, 34 La. Ann. 374 ; Suc. of Graf, 125 La. 197, 51 So. 115.
 

 The determination of the right of the children of the first marriage to recover therefore depends upon whether the property was, in fact, community property. The property was acquired while George E. Reine and Ernestine P. Reine were living together as husband and wife under the régime of the community. Property so acquired by the wife belongs to the community, in the absence of proof that it was purchased with the wife's ■paraphernal funds. Oiv. Code, art. 2402, as amended by Act No. 68 of 1902. Provost. v. Delahoussaye, 5 La. Ann. 610 ; Pearson v. Ricker, 15 La. Ann. 119 ; Succession of Graf, 125 La. 197, 51 So. 115.
 

 [?] It does not satisfactorily appear that the property was paid for entirely with the paraphernal -funds of the wife. Eor instance, the wife testified, when the question was first. broached to her that the property acquired by ■her during the marriage was paid for partly with money earned by her while the marriage was still in existence, doing fancy work and-dressmaking. The fact that she later! omitted these earnings in narrating the sources out of which the payments were made does not overcome th'e positive statement made above. These earnings belonged to the community, and as she availed herself of them in order to pay for the property, the property is com-.
 
 *846
 
 munity property, and the children of the first marriage are each entitled to a one-fifth] of their father’s half interest therein.
 

 In the second suit, brought here by this appeal, the children of the first marriage, through their tutrix, seek to recover a one-fifth interest each in their father’s alleged half interest in certain property, situated in Mandeville, La., acquired by Ernestine P. Reine from George W. Reine, the grandfather of the children, a few days after the dissolution of ■her marriage, hy the death of her husband, George B. Reine. The suit was brought against both Ernestine P. Reine and George W. Reine.
 

 The theory upon which the children of the first marriage, through their tutrix, expect to recover, as appears from the cause of -action set forth in their petition, is that George W. Reine, the father of George E. Reine, acquired the property, involved in the present suit, for the account of his son with community funds, furnished him by the -latter,' with the understanding, in writing, that George W. Reine, after his son’s death, would transfer the property to Ernestine P. Reine, in order to defeat the rights of the children of the first marriage.
 

 The written evidence -showing the foregoing understanding, above referred to, was not introduced, if it ever existed. The tutrix of the children of the first marriage relies upon inferences to be drawn from other deeds, which have no direct connection with the case, to establish the cause of action alleged, and also upon -parol evidence. It suffices to say that this evidence, at best, goes no further than to throw suspicious circumstances around the transaction. The evidence is insufficient to establish the demand -of the children of the first marriage.
 

 The trial court rendered judgments rejecting plaintiff’s demands in both suits. The judgment rendered in -the first suit, described in the premises, being No. 4,099 of the civil docket of the trial court, will have to be reversed, and the judgment -rendered in the second suit, described in the premises, will have to be affirmed. As the two suits were tried together below the costs of the lower court will be equally divided.
 

 For the reasons assigned, the judgment in the first suit, described in the premises, being No. 4,099 of the civil docket of the trial court, is set aside, and judgment is now rendered therein, recognizing the minors Amy Marie Reine and Gladys Anna Reine as the owners, in indivisión, of a -one-fifth interest each in their father’s, George E. Reine’s, undivided half interest in the property, particularly described in the premises as being the property in which said interests are sued for in said suit, and acquired in the name of Ernestine P. Reine from Emile Puissegur and from Miss E. O. Lancaster, and that the judgment rendered in the second su-i-t, described in the premises, being No. 4028 of the civil docket of the trial court, touching the -property -acquired from George W. Reine, be affirmed, Mrs. Ernestine P. Reine to pay the costs of this appeal, and the costs of the lower court to be equally divided between Mrs. Amy Reed Reine, tutrix, and Mrs. Ernestine P. Reine.