(137 So. 904)

**GUARANTY BANK & TRUST CO. v. HUNTER et al.**

No. 31160.

Nov. 3, 1931.

Hakenyos, Provosty & Staples, of Alexandria, for appellant.

Overton & Hunter, of Alexandria, for appellees.

LAND, J.

Plaintiff is a creditor of the defendant. Howard Hunter, for a balance due on a judgment obtained against him December 6, 1929.

The purpose of the present suit, filed February 3, 1930, is to have set aside, as fraudulent and simulated, a dation en paiement made by Howard Hunter to his wife, Mrs. Emmie C. Hunter, November 25, 1929, of two lots with improvements in the city of Alexandria, La., and of a stock of merchandise and fixtures, situated in a filling station operated by Hunter in that city.

The defense is that the dation en paiement is valid, as the consideration of same

was the replacing by the husband of paraphernal property and funds received by him from his wife, and used by him in his private affairs to the extent of $8,000. Civ. Code, art. 2446.

In the lower court, judgment was rendered in favor of defendants, rejecting plaintiff's demands and dismissing plaintiff's suit. From this judgment plaintiff has appealed.

1. We find from the record that Mrs. Emmie C. Hunter, wife of Howard Hunter, owned in her own right, as her separate and paraphernal property, the following interests in lands conveyed by her and her husband to the Red River Planting Company, Inc., in deed of date September 18, 1924:

1. An undivided 1/7 of 1/2 interest in 225 acres, acquired by inheritance from her mother, Mrs. Sallie G. Smith..........16.07 acres
2. An undivided 1/7 of 1/2 interest in 225 acres, acquired from John R. Hunter by deed of date September 21, 1921.......16.07 acres
3. An undivided 2/7 of 1/2 interest in 225 acres, acquired from her two brothers, John W. and Sam R. Smith, by deed of date January 31, 1913............32.14 acres

Total......................64.28 acres

At the date of conveyance by Mrs. Hunter to the Red River Planting Company, a concern owned by her husband, Howard Hunter, these lands were worth $100 per acre, and the value of the above property conveyed by her was at least $6,428.

■ Mrs. Hunter also conveyed to the Red River Planting Company, by deed of date July 9, 1918, one-half interest in the same 225 acres of land, which she claims to have acquired from the Bank of Boyce. She paid nothing for this land at the time of the purchase, nor at any subsequent time. It is well settled that property acquired while husband and wife are living together, under the régime of the community, belongs to the community, in the absence of proof that it was purchased with the wife's paraphernal funds. Civ. Code, art. 2402, as amended by Act No. 68 of 1902; Provost v. Delahoussaye, 5 La. Ann. 610; Pearson v. Ricker, 15 La. Ann. 119; Succession of Graf, 125 La. 197, 51 So. 115; Reine v. Reine et al., 170 La. 839, 129 So. 364.

■■ Mrs. Hunter received from her husband, in the dation on paiement, to compensate her for her interests in the lands conveyed by her to the Red River Planting Company, the home place, consisting of two lots with improvements in the city of Alexandria, subject to a mortgage of $5,500, and a stock of merchandise in a filling station in that city, operated by her husband, and of the value of $500. The net value of all of this property, less incumbrances, amounts to $4,931.75.

The property received by Mrs. Hunter from her husband ($4,931.75) is less in value than her four-sevenths of one-half interest in the property conveyed by her to the Red River Planting Company, Inc. ($6,428), owned by her husband.

As dations en paiement are for the protection of the interests of married women, they have always been regarded in a favorable light by the courts of this state, and should be maintained whenever honestly made. Murrison v. Seiler, 22 La. Ann. 328; Newman v. Eaton, 27 La. Ann. 341.

■ 2. In the dation en paiement, dated November 25, 1929, Howard Hunter declared that he was indebted to his wife "in the sum of $7,200.00, lawful money of the United States of America, which total sum he has

made use of in his private affairs and business, and being her separate paraphernal funds, realized by her from her earnings before marriage and from sale of property acquired by inheritance from her deceased mother and by purchase."

It is alleged in the answer of defendants that the four-sevenths of one-half interest in the 225 acres, acquired by Mrs. Hunter as her separate property, was well worth $8,-000; that, at the request of her husband, she transferred all of her interest to the Red River Planting Company, Inc., which was owned by her husband, for capital stock of the company of the par value of $4,000; that this stock was immediately transferred to her husband; and that she has never received any payment or consideration whatsoever for the stock.

Counsel contends that the consideration recited in the act of dation en paiement differs essentially from that recited in the pleadings, and that, as there are no allegations of error in the act made in the answer, parol evidence is not admissible to eke out the consideration.

In our opinion, counsel's objection is without merit, as it is expressly provided in article 1900 of the Civil Code that: "If the cause expressed in the consideration [contract] should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration."

Necessarily, parol evidence may be introduced to show the true cause. "Parol evidence, in such cases, is admitted, not against or beyond what is contained in the acts, as a contradiction of the clear recital, or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, by supplementing necessary information omitted therefrom,

or to ascertain the true intent of the parties when the same is not clearly expressed or described therein.

"As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error." Dickson v. Ford, 38 La. Ann. 736; Landry v. Landry, 40 La. Ann. 229, 3 So. 728; Mossop v. His Creditors, 41 La. Ann. 297, 6 So. 134.

3. Mrs. Hunter and her husband both testified that the shares of stock, valued at $4,-000, issued to her were transferred by her immediately to her husband, and that the real consideration of the transfer by her of her interest in the 225-acre tract, to the Red River Planting Company, was the agreement on the part of her husband to turn over the home place to her, when she put her land in that company, as she did not want any stock. Tr. 165, 205.

Judgment affirmed.