## BARRE v. HUNTER.*
### No. 16730.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

*Rehearing denied June 13, 1938.

Puneky & Barrios and James J. Landry, all of New Orleans, for appellant.

Gilbert Bernstein, of New Orleans, for appellee.

McCALEB, Judge.

On November 26, 1935, the plaintiff, Alice Barre, widow of Joseph Martin (a colored woman, 86 years of age), sold to her niece, Charlotte Hunter, wife of Ulysses Chaligny, the defendant, by authentic act passed before F. C. Querens, notary public, a small piece of real estate situated in St. James Parish for a stated consideration of $90.00 cash. Simultaneously with the execution of this act of sale, the defendant agreed, by act under private signature, that, as an additional consideration for the transfer, she would permit the plaintiff to have the possession, use and enjoyment of the premises for the balance of her natural life without cost.

On October 13, 1936, plaintiff filed this suit in which she seeks to have the act of sale annulled and set aside on numerous grounds. She alleges (1) that, while said act purports to recite a consideration of $90.00 received by her in cash, in truth and in fact, she has not received any sum whatsoever for the transfer; (2) that the act is in reality a donation whereby she divested herself of all of her property in violation of law; (3) that the transfer was obtained upon the defendant's verbal offer and promise to support and maintain her during her life, which the defendant has failed to do; and (4) that the sale is null because of lesion beyond moiety inasmuch as the consideration is only $90.00 whereas the property is valued at more than $500.00.

To this petition, the defendant appeared and, alleging that the causes, on which plaintiff based her demand for rescission of the sale, were inconsistent, moved that she be required to elect and declare upon what particular averments she intended to predicate the suit. She also filed an exception of no right or cause of action.

After a trial on these pleas, the District Court overruled the exception of no right or cause of action but sustained the motion and required the plaintiff to elect as to which allegations she would stand on. Plaintiff, in accordance with the order of the judge and with full reservation of her rights, elected to proceed on the ground (1) that the sale was null and void because the conveyance had been obtained upon the defendant's verbal promise that she would

support and maintain her without cost during her lifetime, and (2) that the contract should be set aside because of lesion beyond moiety.

In due course, the defendant answered. She denied that she had ever promised to maintain and support the plaintiff during her lifetime and further disclaimed that the consideration paid by her was less than one half of the value of the property.

On these issues, the matter proceeded to trial and resulted in a judgment in favor of the defendant. Plaintiff has appealed.

The first complaint is that our brother below was in error in requiring plaintiff to elect. She says that, even though the facts alleged in the petition are repugnant, she should not have been compelled to elect because the averments are pleaded in the alternative. In support of this argument, the cases of Smith v. Donnelly, 27 La.Ann. 98, and Nicol v. Jacoby, 157 La. 757, 103 So. 33, are cited.

■ It is well recognized that a suitor may plead in the alternative for several different types of relief even though they be inconsistent. That rule, however, is without application in the instant case. The allegations, upon which plaintiff bases her asserted cause of action, are utterly opposed to each other. Her primary ground for the annulment of the sale is that she received no consideration and that the transfer was in reality a donation. Her alternative grounds are that, if the court should hold that she did receive a consideration, the sale is nevertheless null because of an unfulfilled verbal promise by the defendant to support her throughout her life and because the price paid was less than one half of the value of the land. These allegations are plainly repugnant to each other and they cannot stand together in the same petition. The plaintiff knows, as well as the defendant, whether she actually received the consideration of $90.00 expressed in the act. She cannot be permitted to avouch that she did not get it and claim in the alternative that, if she did receive it, then the sale is void on other grounds. The allegations set forth by her cannot be classed as pleas in the alternative but, on the contrary, they are inconsistent facts. In fairness to the defendant, she should choose as to which state of facts she relies upon as a basis for her attack upon the validity of the conveyance. The

district judge was of this opinion and we think that his view was correct.

■ Plaintiff also contends that the court erred in sustaining defendant's objection to certain testimony she sought to introduce to the effect that the sale was conditioned upon a verbal agreement that the defendant would provide her with support and maintenance for the balance of her life. We think that the evidence was properly rejected.

Art. 2236 of the Civil Code provides:

"The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

And Art. 2276 declares:

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

In Locascio v. State Bank & Trust Co., 168 La. 723, 123 So. 304, it is stated (page 305):

"It is the unbroken rule that authentic sales cannot be attacked, except by means of a counter letter, or by interrogatories on facts and articles, or by allegation and proof of fraud or error."

The cases relied upon by the plaintiff, notably Guaranty Bank & Trust Co. v. Hunter, 173 La. 497, 137 So. 904, and Citizens' Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822, are inapposite. The theory, under which the parol evidence was admitted in those matters, was that it was not against or beyond what was contained in the acts as a contradiction of the clear recitals but, on the contrary, to give effect to the contract arising therefrom by supplementing necessary information which was omitted. In other words, the testimony was received for the purpose of enhancing the validity of the authentic act rather than for the purpose of destroying or impairing its sanctity.

■ The only other question left for our consideration is whether the price paid by the defendant was less than one half of the true value of the real estate. Plaintiff has alleged that the property was well worth $500.00. The evidence falls far short of sustaining this averment. The land with improvements is assessed for $150.00 and

the testimony of Mr. Frank C. Codifer, a realtor produced by the defendant, is that it is not worth more than $125.00.

It is true that plaintiff produced the evidence of one Walther who stated that, in his opinion, the real estate is worth between $300.00 and $400.00. But we believe, as did the district judge, that the evidence submitted by the defendant on the question of value prevails. This is especially true when we consider that plaintiff received not only $90.00 cash for the property but was also granted the possession, use and enjoyment of the premises for the balance of her life.

The judgment appealed from is therefore affirmed.

Affirmed.

