### TRUETT NASH MOTOR CO., Inc., v. CENTANNI.*

### No. 16986.

Court of Appeal of Louisiana. Orleans.

Nov. 14, 1938.

Clarence Bowling, of New Orleans, for appellant.

Jacob H. Morrison and DeLesseps S. Morrison, both of New Orleans, for appellee.

WESTERFIELD, Judge.

The Truett Nash Motor Company, Inc., brought this suit against Peter Centanni for $150, the alleged balance due on the purchase price of a Nash Sedan. The petition alleges that the price of the Nash car was $1,050, $900 of which was paid and $150 due and owing. Plaintiff caused a writ of sequestration to issue and seized the automobile which was subsequently released to defendant on bond. Defendant denied that any amount is due plaintiff, averring that he bought the car for $1,250.72, of which $500 was paid in cash and for the balance he issued his promissory note secured by chattel mortgage.

There was judgment below in favor of plaintiff as prayed for and maintaining the writ of sequestration. From this judgment defendant has appealed suspensively to this Court.

According to the act of sale and chattel mortgage executed before Herman S. Lindy, Notary Public, December 17, 1937, which is in evidence, the Nash car was sold by plaintiff to defendant for $1,250.72, of which $500 was paid in cash, "the receipt of which is hereby acknowledged and due acquittance and discharge granted therefor and for the balance of the purchase price to-wit: $750.72, the said buyer has made and subscribed a certain promissory note * * *".

Plaintiff contends that the recitals of the act of sale and chattel mortgage are erroneous in that instead of $500 being paid in cash, only $50 cash was paid and for the remainder, $450, defendant agreed to deliver three vehicles, a 1935 Ford Coupe valued at $300, and two Chevrolet trucks valued at $150, and that of the three vehicles only the Ford Coupe was received by plaintiff from defendant, consequently, the claim of $150 is based upon the alleged failure of the defendant to deliver the two Chevrolet trucks. The recital of the act with reference to the credit portion, $750.72, for which a note and chattel mortgage was given, is not attacked by plaintiff, but the difference between the total consideration as mentioned in the act, $1,250.72, and that alleged in the petition, $1,050, or $200.72, is explained as being the cost of the negotiation of defendant's note and chattel mortgage with the Premium Acceptance Corporation.

The position of the defendant is that the sale of the automobile was the subject of an authentic act, the terms of which cannot be contradicted by parol evidence. Timely objection was made to the oral testimony offered in support of the contention of the plaintiff.

The question presented is, as stated by plaintiff's counsel in his brief: "Is parol testimony admissible under the facts in this case to show that a contemporaneous agreement existed, as alleged in Article II of the plaintiff's petition for the delivery of the two trucks as part of the $500.00 'cash' allowance?" The answer to this question must be in the negative.

Articles 2236 and 2276 of the Revised Civil Code read as follows:—

Art. 2236. "The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

Art. 2276. "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

In Barre v. Hunter, 181 So. 674, we said [page 675]:

"In Locascio v. First State Bank & Trust Company, 168 La. 723, 123 So. 304, it is stated (page 305):

" 'It is the unbroken rule that authentic sales cannot be attacked, except by means of a counter letter, or by interrogatories on facts and articles, or by allegation and proof of fraud or error.'

"The cases relied upon by the plaintiff, notably Guaranty Bank & Trust Co. v. Hunter, 173 La. 497, 137 So. 904, and Citizens' Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822, are inapposite. The theory, under which the parol evidence was admitted in those matters, was that it was not against or beyond what was contained in the acts as a contradiction of the clear recitals but, on the contrary, to give effect to the

contract arising therefrom by supplementing necessary information which was omitted. In other words, the testimony was received for the purpose of enhancing the validity of the authentic act rather than for the purpose of destroying or impairing its sanctity."

The act of sale declares that $500 was paid in cash. To permit oral proof tending to show that only $50 was so paid would sanction an effort to contradict an authentic act of sale by parol testimony which, under long settled jurisprudence, cannot be allowed.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment in favor of defendant, dissolving the writ of sequestration and dismissing plaintiff's suit.

Reversed.