## DUGAS v. LEWIS–CHAMBERS CONST. CO., Inc.*

### No. 17015.

Court of Appeal of Louisiana. Orleans.

Dec. 12, 1938.

*Rehearing granted Jan. 10, 1939.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellant.

Carville & Carville, of Plaquemine, and DeLesseps Story Morrison, of New Orleans, for appellee.

WESTERFIELD, Judge.

Junior B. Dugas of Plaquemine, Louisiana, as the assignee of the Jumonville Pipe & Machinery Company, Inc., also of Plaquemine, brought this suit against the Lewis-Chambers Construction Company, Inc., for the sum of $698.30, the price of certain steel plates sold and delivered to the defendant by plaintiff's assignor. The defendant in its answer admitted that it owed plaintiff's assignor the amount claimed, but averred that Dugas "who nominally appears as plaintiff herein, is merely a person interposed for said Jumonville Pipe & Machinery Company, Inc., for the illegal purpose hereinafter set forth". It averred that the alleged assignment was a simulation and that the nominal plaintiff is an agent of the Jumonville Pipe & Machinery Company, against which it had a claim arising, ex delicto, in the sum of $4500, which it asserted as a reconventional demand. In the alternative, the defendant averred that if Junior B. Dugas be considered to be the real plaintiff it is, nevertheless, entitled to plead its claim against the Jumonville Company "as a reconventional demand or as a plea of offset or compensation * * * up to an amount equivalent to the amount herein sued for by said plaintiff with reservation of defendant's rights against Jumonville Pipe & Machinery Company, Inc., as to the balance of said reconventional demand."

There was judgment below in favor of plaintiff as prayed for and against defendant dismissing its reconventional demand and plea in compensation. Defendant has appealed.

The first question to be considered is the validity of the assignment. Plaintiff attached to and made part of his petition a copy of an authentic act before John M. Carville, Notary Public for the parish of Iberville, dated April 28, 1937, whereby the Jumonville Pipe & Machinery Company, Inc., purports to sell the account sued on to plaintiff for the price and sum of $450 cash. On the trial of the case evidence was admitted over the objection of counsel tending to prove that the true consideration for the sale of the Jumonville claim was a credit due Dugas as commission for the purchase for its account of a certain tract of land in Plaquemine, Louisiana. The basis of counsel's objection to this testimony is the familiar rule to the effect that the allegata and probata must correspond.

"Proof must correspond with allegations, and recovery cannot be had on cause of action not alleged, where objection to evidence on that ground is timely made." (Syllabus) H. P. Richard & Sons v. Director General of Railroads, 160 La. 1019, 107 So. 891.

In overruling counsel's objection to the admission of this proof the learned judge, a quo, held that, in view of article 1900 of the Revised Civil Code to the effect that "if the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration", parol evidence was admissible to prove the actual consideration of a sale attacked upon the ground of simulation. This ruling we believe to be correct. A contract is not void because of an erroneous description of the consideration and the true cause of the contract may be shown by any legal evidence, oral or written. This rule applies to authentic acts as well as private instruments. Helluin v. Minor, 12 La.Ann. 124; Delabigarre v. Municipality No. 2, 3 La.Ann. 230; Citizens' Bank & Trust Company v. Willis, 183 La. 127, 162 So. 822. The parol evidence rule is no obstacle. Clark v. Hedden, 109 La. 147, 33 So. 116; Commercial Germania Trust & Savings Bank v. White, 145 La. 54, 81 So. 753; Cambon Bros. v. Suthon, 147 La. 66, 84 So. 496.

But, says counsel, there is no allegation of error in the act of sale by which plaintiff alleges he acquired the claim of his assignor, and that since that instrument declares that a cash consideration was given, he cannot be heard to say that any different consideration was given because of his failure to so allege.

In Guaranty Bank & Trust Co. v. Hunter, 173 La. 497, 137 So. 904, we find the following [page 906]:

"Counsel contends that the consideration recited in the act of dation en paiment differs essentially from that recited in the pleadings, and that, as there are no allegations of error in the act made in the answer, parol evidence is not admissible to eke out the consideration.

"In our opinion, counsel's objection is without merit, as it is expressly provided in article 1900 of the Civil Code that: 'If the cause expressed in the consideration (contract) should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.'

"Necessarily parol evidence may be introduced to show the true cause. 'Parol evidence, in such cases, is admitted, not against or beyond what is contained in the acts, as a contradiction of the clear recital, or legal meaning of the stipulations contained therein, but on the contrary, to give effect to the contract arising therefrom, by supplementing necessary information omitted therefrom, or to ascertain the true intent of the parties when the same is not clearly expressed or described therein.

" 'As thus understood and construed, the rule is not amenable to the charge that it tends to destroy or impair the sanctity or binding force of authentic acts, but on the contrary, it tends directly to enhance the validity and efficacy of such acts, by substituting light for darkness, certainty for obscurity, and truth for error.' Dickson v. Ford, 38 La.Ann. 736; Landry v. Landry, 40 La.Ann. 229, 3 So. 728; Mossop v. His Creditors, 41 La.Ann. [296], 297, 6 So. 134." See, also, Citizens' Bank & Trust Company v. Willis, supra, and Barre v. Hunter, La.App., 181 So. 674.

It is true that in the Guaranty Bank & Trust Company Case the answer did contain allegations to the effect that the true consideration differed from that mentioned in the act of dation en paiment, whereas in the case under consideration plaintiff, in his pleadings, has repeated the recitals of the act of sale without allegation of error, however, since the issue of consideration was for the first time raised by defendant in its answer we do not believe plaintiff was under any obligation to file supplementary pleadings as the foundation of proof tending to show a different consideration, particularly in view of our practice which expressly excludes replication and rejoinder. Code of Practice, Article 329. We find no error in the ruling of the trial court concerning the admissibility of the evidence.

Counsel next challenges the effect of the proof in support of the validity of the assignment. The testimony concerning the consideration for the assignment as given by Frank H. Jumonville and Junior B. Dugas is as follows: The Chalmette Petroleum Corporation owned a tract of land in Plaquemine, Louisiana, which the Jumonville Pipe & Machinery Company, Inc., desired to purchase. The land was held for $8,000 which the Jumonville Company was either unwilling or unable to pay. Jumonville believed that Dugas could obtain the property at a lower price than the Jumonville Company could and, therefore, commissioned him to undertake the

purchase, agreeing to pay him a commission equal to the difference between $5500, and the amount of the purchase price. Dugas communicated with the owners of the property and arranged to buy it for $5,000. The transaction was financed by the Iberville Trust & Savings Bank of Plaquemine, which loaned Dugas $5,000 on Jumonville's endorsement. Dugas acquired the property in his own name on January 27, 1937, and on the following day sold it to the Jumonville Company for the price he paid for it. Dugas was paid $50 in cash on account of his commission and the balance of $450 remained unpaid. Mr. R. B. Batson, Secretary-Treasurer of the Chalmette Petroleum Corporation, corroborated the testimony of Jumonville and Dugas to the extent of saying that, in selling the property for the Chalmette Petroleum Corporation, he dealt only with Dugas and knew nothing of the Jumonville Company's interest in the transaction.

Defendant insists that this evidence indicates that Dugas is only a person interposed and not the real purchaser. In the first place it is pointed out that the agreement with respect to the commission was not in writing, which, it is said, is a suspicious circumstance, and furthermore, the property was conveyed by Dugas for $5,000 and not $5,500, as should have been the case if any commission was due Dugas. Finally, the $5,000 obtained for the purchase of the property was loaned by the Iberville Trust & Savings Bank of Plaquemine to Dugas on Jumonville's endorsement. The circumstances pointed to as suspicious are unusual, but not sufficient to overthrow and repudiate the testimony of Jumonville and Dugas explaining the transaction. Our conclusion is that the validity of the assignment has been established.

We next consider the question of the reconventional demand. Defendant's offer of testimony in support thereof was excluded by the trial court. Art. 375 of the Code of Practice reads in part as follows:

"In order to entitle the defendant to institute a demand, in reconvention, it is required that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises; provided, that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action; * * *".

The claim pleaded in reconvention is based upon the alleged wrongful appropriation of a steel boom belonging to defendant by the Jumonville Company for which the sum of $4500 is prayed for. It is not pretended that the reconventional demand is in any way connected with or incidental to the main demand, but it is insisted that because the plaintiff resides in a different parish from the defendant, an unrelated claim may be pleaded in reconvention under the exception mentioned in the proviso in Art. 375 of the Code of Practice because both the plaintiff in the suit and the Jumonville Pipe & Machinery Co., Inc., are domiciled in the Parish of Iberville and the defendant in the Parish of Orleans. It must be admitted and it is not controverted that in view of the proviso, if this suit had been brought by the Jumonville Company, the unrelated claim of the defendant could be pleaded in compensation. Does this hold true with respect to plaintiff, the assignee of the Jumonville Company?

The position of defendant's counsel is that the plaintiff-assignee acquired no greater rights than his assignor had and that any legal defense which might be urged as against plaintiff's assignor could be urged as against plaintiff. Gray v. Thomas, Griswold & Co., 18 La.Ann. 412; Kugler v. Taylor, 19 La.Ann. 100; Smith v. Richland Compress & Warehouse Co., 153 La. 820, 96 So. 668; Williams & Co. v. Roach, 12 La.App. 305, 125 So. 465. The principle relied on is well established and if, at the time of the assignment, the claim of the Jumonville Company against the defendant may be said to have been subject to the defense now set up, it is applicable here because plaintiff could acquire no greater rights than his assignor. The case of Adams v. Webster, 25 La. Ann. 117, is an illustration of what we mean. There, to quote from the opinion:

"The plaintiff, as assignee of one J. F. Thompson, sues the defendant on an open account, and the only question now before

us, as stated by plaintiff's counsel is, should or not the evidence, offered by defendant to prove his claim in compensation and reconvention be admitted?

"We think it should. Thompson could transfer to Adams only such rights as he possessed, and if it be true, as alleged by the defendant, that he had deposited with Thompson a large sum of money before the transfer to Adams, which has not been accounted for, the defendant did not owe Thompson the amount set out in the account sued on. In other words, compensation took place, and the defendant should, under the pleadings, have the opportunity to show it."

The claim assigned to Adams by Thompson was subject—in the hands of Thompson and before its transfer to Adams—to the operation of law with respect to compensation, which automatically extinguished Thompson's claim. Its transfer to Adams did not revivify the obligation. When Adams sued on the claim, it was open to the defense based on its inherent defect in the hands of Thompson. In the case at bar the claim acquired by Dugas was subject to no inherent qualification. Dugas had no knowledge of the existence of any claim against his assignor for the alleged tortious conversion of its steel boom, the basis of its claim in compensation, Dugas did know that there was likely to be litigation, but was told and evidently believed that the chose in action which he purchased could be realized upon. The testimony proves that the reason he bought the claim was the inability of the Jumonville Company to pay him in cash and the offer to transfer one of its accounts.

Counsel contends that if it is not permitted to plead in reconvention its claim against plaintiff's assignor, which concededly could be the subject of a reconventional demand against the assignor, the effect would be to confer upon the assignee the exalted status of a holder in due course, which, it is said, in view of the principle that the assignee can acquire nothing more than the assignor had, is untenable.

In answer to this contention, we observe that the only reason its reconventional demand might be set up against the assignor is because of the proviso in Art. 375 of the Code of Practice, which is an amendment of the original article adopted by Act No. 53 of 1839, incorporated in the revised edition of the Code of 1870. If both parties resided in the same parish, a claim arising, ex delicto, could not be pleaded as a reconventional demand against one arising, ex contractu, to which it was unrelated. Therefore, defendant's contention is based solely upon the amendment to the original article 375, which permits unrelated claims to be pleaded in compensation when there is a diversity of residence.

In Rapides Grocery Company v. Clopton, 171 La. 632, 131 So. 734, a suit on an open account for cottonseed sold and delivered, the defendant admitted that the $250 balance of the purchase price sued for was due, but averred that he had bought forty bushels of soy beans from plaintiff for seed which were warranted capable of germination; that the beans failed to germinate and, as a result, he lost a crop of soy beans which, if the seed beans had sprouted, would have netted him $4,000. Based upon this alleged loss, defendant reconvened and claimed $4,000. The reconventional demand was admittedly barred by the prescription of one year because based upon redhibition. R.C.C. Art. 2520. The Court of Appeal for the First Circuit, to which the case was first appealed, maintained a judgment overruling the plea of prescription because of the doctrine "quae temporalia sunt ad agendum perpetua sunt ad excipiendum". The Supreme Court, which issued a writ of review, in its opinion, said [page 735]:

"* * * In a suit for the price of a thing sold, redhibition may be urged as a defense, or want of consideration, even though the action for redhibition would be otherwise barred by the prescription of one year. But in a suit on another cause of action—other than for the price of the thing sold—the cause of action for redhibition cannot be urged as a defense, or as a reconventional demand, when a separate action for the redhibition would be barred by prescription. * * *

"* * * The Court of Appeal refers to the fact that the plaintiff and defendant are domiciled in different parishes, and cites the proviso in article 375 of the Code of Practice that, if the plaintiff in a suit resides out of the parish in which the suit is brought, the defendant may set up a demand in reconvention 'for any cause, although such demand be not necessarily connected with, or incidental to the

main cause of action.' That is merely an exception to the general rule stated in the first paragraph of the article that a reconventional demand must be 'necessarily connected with and incidental to' the plaintiff's demand. The expression 'for any cause' does not mean that a cause of action which would be barred by a statute of limitation, or which, for any other reason, would be unavailing, if a suit on it were brought at the domicile of the alleged obligor, must prevail if urged as a reconventional demand in a suit brought by a nonresident of the parish where the suit is brought."

An unrelated claim may be set up in reconvention against a non-resident plaintiff as the codal article provides, but here the claim is not against plaintiff, but plaintiff's assignor. It is true that an assignee can acquire nothing more than his assignor had to assign and that all defenses available as against the assignor are likewise available against the assignee, but an unrelated reconventional demand cannot be pleaded against the assignor unless suit is brought by a nonresident of the Parish in which the suit is instituted. When the assignee acquired the claim it was subject to no such defense and since it is only because of the exception relative to diverse residence of the plaintiff in a suit on the main demand that an unrelated claim can be set up in reconvention, the assignee did not acquire the claim subject to such defense which was not open to the debtor at the time of the assignment and not at all unless sued in a different parish from that in which the creditor resided. The word plaintiff as used in the proviso means the original obligee and not his transferee who acquired without knowledge of the existence of the claim upon which the reconventional demand is based.

The plea in compensation is not tenable because compensation only takes place between debts "equally liquidated and demandable". Revised Civil Code, art. 2209 and Code of Practice, Articles 366–373.

Plaintiff has asked for 10 per cent. damages for frivolous appeal. We do not believe this is a case which would justify such an award.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.