FOURNET, Justice.
 

 The plaintiffs, Peyton C. Taylor et al., instituted this suit to have the deed wherein the property therein described was conveyed to them by the defendant, Tavner J. Taylor, reformed to show that the real consideration for such conveyance was the complete settlement and final discharge -of all claims asserted by them (the transferees) against Tavner J. Taylor (the transferor) in the suit styled Peyton C. Taylor et al. v. Tavner J. Taylor, No. 13,621 on the docket of the Twenty-sixth Judicial District Court in Bossier parish and the dismissal of that suit, instead of the consideration recited in the deed, i. e., “personal donation.” The matter is now before us to review the judgment of the Court of Appeal for the Second Circuit affirming the judgment of the district court ordering the reformation of the deed and the dismissal of suit No. 13,621 from the docket.
 

 The sole question for our determination, as set .forth by the defendant in his assignment of errors and in his brief in support of this application, is whether the district court of Bossier parish and the appellate court erred in permitting parol testimony to establish a compromise and in holding there was a compromise between the defendant and the plaintiffs.
 

 We think the defense is based on the erroneous assumption that the deed in controversy was executed pursuant to a compromise agreement, within the purview of Articles 3071-3083 of the Revised Civil Code. It is our opinion that the transaction culminating in the execution of the instrument in controversy was in reality the giving of a thing in payment within the purview of Article 2655 of the Revised Civil Code, to be found in Title VII, treating “Of Sale” and that the instrument here sought to be reformed is nothing more than evidence of such giving in payment.
 

 In Article 2656 it is explained that “giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving in payment is made only by delivery.” Article 2659 provides that except for these differences “the giving in payment is subjected to all the rules which govern the ordinary contract of sale.” One of these rules is to be found in Article 1900, where it is provided that “If the cause expressed in the consideration should be one that does not exist, yet the contract can not be invalidated, if the party can show the existence of a true and sufficient consideration.” Jackson v. Miller, 32 La. Ann. 432; Dickson v. Ford, 38 La.Ann. 736; Landry v. Landry, 40 La.Ann. 229, 3 So. 728; Moore v. Pitre, 149 La. 910, 90 So. 252; Guaranty Bank & Trust Co. v. Hunter, 173 La. 497, 137 So. 904; Citizens’ Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 812; and Smith v. Southern Kraft Corp., 202 La. 1019, 13 So.2d 335.
 

 In Succession of Burns, 199 La. 1081, 7 So.2d 359, 363, we likened the giving of a thing in payment of an obligation to what is known in common law as
 
 *1058
 
 an “accord and satisfaction.” Like an accord and satisfaction of a claim or demand, the giving in payment is effected by the transfer and acceptance of property and has the effect of extinguishing and discharging the original demand. See, also, 1 C.J.S., Accord and Satisfaction, §§ 20 and 45.
 

 In this case the record shows, as reflected by the testimony of the defendant when he was being cross-examined while on the stand in his own behalf, the defendant himself prepared on a printed form of cash deed and signed the instrument here sought to be reformed. He acknowledged that he tendered this déed to the attorney for the plaintiffs in settlement of their demands in the pending lawsuit, and while he now contends the same was never accepted by them, the record shows the defendant not only tendered this deed to the attorney for the plaintiffs but that it was accepted by them by the affixing of their signatures thereto and by their taking immediate possession of the property therein described, including a house the defendant had been occupying but vacated in order that he might turn it over to them. The plaintiffs have received all revenues from this property, since that time. All of this, in our opinion, conclusively shows the delivery of the thing by the defendant and the acceptance thereof by the plaintiffs. The fact that the pending suit was never actually dismissed is of no consequence for the giving of the thing in payment completely extinguished the original demand and barred the plaintiffs from recovering thereon.
 

 For the reasons assigned, the judgment of the Court of Appeal for the Second Circuit is affirmed.
 

 O’NIELL, C. J., does not take part.