595 So.2d 323 (1991)
TWIN CITY SAVINGS, FSA
v.
G.J. ROUSE COMPANY, INC.
No. 90 CA 1964.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Rehearing denied March 13, 1992.
James F. Quaid, Metairie, for defendant-appellant.
Daniel E. LaGrone, New Orleans, for plaintiff-appellee.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
This is a suit on a note and real estate mortgage. On August 17, 1988, Twin City *324 Savings, FSA (Twin City Savings) filed a petition for executory process with benefit of appraisal against G.J. Rouse Co., Inc. (Rouse).
On October 9, 1988, the Federal Home Loan Bank Board (FHLBB) declared the insolvency of Twin City Savings and appointed Federal Savings & Loan Insurance Corporation (FSLIC) as its receiver. FSLIC was substituted as party plaintiff in the suit against Rouse on April 19, 1989. On April 24, 1989, FSLIC converted the petition for executory process to a petition in an ordinary action to recover monies owed to it and for recognition of its mortgage rights upon certain immovable property. By federal legislation FSLIC was abolished and FDIC succeeded FSLIC as receiver for Twin City Savings. FDIC was substituted as party plaintiff in the suit against Rouse on September 29, 1989.
On March 29, 1990, the FDIC filed its motion for summary judgment. On July 23, 1990, the district court granted FDIC's motion and entered judgment on the note, which also recognized FDIC's mortgage rights on certain immovable property described in the judgment.
Rouse has appealed.
Most of the errors assigned by Rouse deal with technical aspects of the note, the endorsement, the collateral mortgage note, and the sufficiency of the affidavit of Dale M. Taylor submitted by plaintiff in support of its motion for summary judgment. Suffice it to say that none of the alleged errors in the technical aspects approaches the dimensions of an error in the proceedings which would bar judgment in plaintiff's favor or require reversal of the judgment.
Of the errors assigned by appellant, the two that deserve mention are: the alleged limitation to in rem recovery by plaintiff and the alleged dation en paiement as an extinguishment of the debt owed Twin City Savings.
Rouse's argument that the plaintiff is limited to in rem recovery centers on language in the collateral mortgage dated September 19, 1985, whereby the mortgagor waives the benefit of appraisement.
It is true that the waiver would have allowed plaintiff to execute on the mortgaged property without appraisement. And Rouse correctly states that taking advantage of the waiver would have precluded the plaintiff from recovery of a deficiency judgment. However, we cannot agree with appellant's next leap in logic: that the presence of the waiver required plaintiff to proceed without appraisement. Indeed, we agree with plaintiff's interpretation: that the waiver of appraisement created an option on plaintiff's part to proceed with or without appraisement.
This assignment of error is without merit.
Finally, we come to the argument that the dation en paiement executed by the G.J. Rouse Company, Inc. on January 30, 1987, extinguished the debt which is the subject of this lawsuit. A copy of the document is attached to appellant's brief. The face of the document shows that it was Rouse's intent that Twin City Savings would accept the dation. Appellant apparently admits that the document was never signed by a representative of Twin City Savings.
Appellant complains on appeal about the federal jurisprudence and statutes relied upon by appellee. Although the research submitted by appellee is apparently accurate, we need not look to federal law to determine the effect of the alleged dation.
The dation (giving in payment) is defined in LSA-C.C. art. 2655:
The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.
LSA-C.C. art. 2656 provides:
That giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving in payment is made only by delivery.
The error in appellant's argument that the dation in the instant case extinguished its debt to the plaintiff is that the document relied upon by appellant is a *325 mere attempted dation. For a dation to be effective it must not only be tendered by the debtor, it must also be accepted by the creditor.
The Louisiana Supreme Court set out the basic requirements for a valid dation long ago:
In Succession of Burns, 199 La. 1081, 7 So.2d 359, 363 [1942], we likened the giving of a thing in payment of an obligation to what is known in common law as an "accord and satisfaction." Like an accord and satisfaction of a claim or demand, the giving in payment is effected by the transfer and acceptance of property and has the effect of extinguishing and discharging the original demand. See, also, 1 C.J.S., Accord and Satisfaction, §§ 20 and 45. (Emphasis supplied.)
Taylor v. Taylor, 208 La. 1053, 24 So.2d 74, 75 (1945).
Because appellant admits that Twin City Savings never signed the alleged dation, this assignment of error is without merit.
Accordingly, the trial court was correct in granting summary judgment to plaintiff. Appellant will be cast for all costs of this appeal.
AFFIRMED.